Hon. FÉLIX P. POCHÉ,
Hon. ROBERT B. TODD,*       } *Associate Justices.*
Hon. THOMAS C. MANNING,
Hon. CHARLES E. FENNER,

---

No. 1210.

THE STATE OF LOUISIANA EX REL. JULES MESTAYER VS. CONRAD DEBAILLON, JUDGE TWENTY-FIFTH JUDICIAL DISTRICT.

An order of a presiding judge recusing himself in a cause on the ground of interest, and appointing the judge of an adjoining court to try the cause, is not vacated or revoked by the fact that the successor of the said presiding judge has in the meantime been commissioned and inducted into office.

The order of recusation, if not void *ab initio* on its face, cannot be attacked collaterally, and remains in full force until rescinded or revoked by a direct order from competent authority.

Under Section 1425, Revised Statutes, a speedy trial is imperatively required in all contested elections. If the suit cannot be tried, owing to physical or legal impossibility, at the next regular term of the court, a special term must be ordered.

---

*Absent during the whole of this term.

State ex rel. Mestayer vs. Debaillon, Judge.

A mandamus will lie to compel the judge, even if he be only appointed under a recusation of the judge of the court, to order a special term and to try the case without unnecessary delay.

An appeal does not lie from an order dissolving on bond an injunction in a contested election case.

 PPLICATION for Mandamus.

---

*Edward Simon* and *Breaux & Hall* for the Relator.

*C. Debaillon in pro. per.*

---

The opinion of the Court was delivered by

POCHÉ, J.  Relator seeks to compel the respondent judge to try a cause in which he is plaintiff, and to compel the judge to grant him a suspensive appeal from an order dissolving on bond a writ of injunction which had previously been issued at his instance in the same suit.

The record shows the following proceedings and incidents bearing on the issues involved in the pleadings :

On the 10th of May, 1884, relator filed a suit contesting the election of P. A. Veazie as sheriff of the parish of Iberia.

On the 21st of the same month the judge presiding over the Twenty-first Judicial District Court of Iberia, in which the suit had been filed, entered an order recusing himself on the ground of interest, and appointing respondent, a judge of an adjoining district, for the trial of the cause.

In justification of his refusal to perform the acts required of him, the respondent judge urges the following reasons :

1. That the order of Judge Fontelieu recusing himself and appointing respondent as the judge of the case has since been vacated by the fact that his successor in office, Judge Gates, has since been commissioned and inducted into office.

2. That a regular term of the Twenty-first Judicial District Court for the parish of Iberia having begun on May 12, and ended on the 24th of the same month, respondent has no legal authority to order a special term for the trial of said cause as conditionally authorized by section 1425 of the Revised Statutes of 1870; and that he has no authority to order such a term under the recusation act, being Act No. 40 of 1880.

3. That relator is not entitled to a suspensive appeal from the decree dissolving his injunction on bond, for the reason that said order cannot work an irreparable injury to the relator.

*First*—The whole controversy pivots on the judge's first objection ; for if he has been divested of authority to try the cause, he has no more

official connection with it, and he has therefore been stripped of all control over the matters in contest.

His proposition involves two questions :

1. That Judge Gates has been duly elected, qualified and inducted into office as the successor of Judge Fontelieu.

2. That by the mere operation of that fact, Judge Fontelieu's order of recusation has been vacated or revoked.

On the first point, the record discloses the fact that a suit is now pending in which the election of Judge Gates is contested by the former incumbent, Judge Fontelieu; and that the former is now the appellant before this Court from an order enjoining him from qualifying as judge under the commission which was issued to him by the Governor.

The conclusion that he is now in legal possession of the office is at least premature. And as he, as well as his opponent, are not parties to this proceeding, it stands to reason that the fact cannot now be judicially ascertained or announced. We shall therefore carefully, as we must in justice, refrain from any expression of opinion as to the legal status of Judge Gates in connection with the office to which he has been commissioned.

As it cannot at this stage of the proceedings be judicially asserted that he is in the lawful possession of the office, we might be justified in abiding by the negative of the question, and to thus dispose of that reason. But we think it wiser to follow the opposite course and to concede, for the sake of argument, that Judge Gates is now and has been the lawful judge of that district since the 22d of May last past.

This leads us to the consideration of the proposition asserted by respondent, that the order of recusation has thereby been vacated, and that he has no more authority in the premises.

It is not pretended or even intimated that the order of recusation was not perfectly legal and binding at the time that it was issued. It therefore follows, and it is virtually conceded, that under its effect the respondent became vested with jurisdiction over the cause as absolutely and as exclusively as would have been the case with a suit originating in his own court.

The jurisdiction thus acquired under and by virtue of a judicial order must attach and continue until it has been destroyed or divested by equally competent authority in a direct order, not by inference or even by collateral proceedings. No principle of law has received greater and more frequent sanction, or is more deeply imbedded in our

jurisprudence, than that which forbids a collateral attack on a judgment or order of a competent tribunal, not void on its face *ab initio*.

The rule has been frequently applied to orders and decrees issued *ex parte*. Duson, curator, vs. Dupre *et al.*, 32 Ann. 896, and authorities therein cited.

Now, in this case it is not even alleged that the order of recusation has ever been revoked or otherwise vacated by any competent authority, not even by Judge Gates himself. It is therefore yet in full force, and under it respondent continues to be vested with exclusive jurisdiction over the cause, until stripped of his authority in a legal manner.

*Second*—The next question is, whether the relator has been legally deprived of his right to a speedy trial of his contest suit.

The record does show that a regular term of the court began on the 12th and ended on the 24th of May. But it also appears that when the court adjourned the case was not yet at issue, and to this day the defendant has not yet filed his answer.

Section 1425, Revised Statutes, provides in substance that the trial of contested elections shall be proceeded with at any regular term of the court; but that if no regular term of the court is to be held within five weeks from the time of filing the petition of the contestant, a special term shall be holden on the third Monday after the day on which the election for the office contested was held.

The spirit and object of that law, as well as of the other provisions regulating the trials of contested election cases, are directed to securing speedy trial of all such cases in which the interest of the people is almost as great as that of the parties directly interested in the suit.

Respondent's contention is that as a regular term of the court was to be held within five weeks from the day on which the petition of contest was filed, the contingency of a special term could not occur, and that relator having allowed the adjournment of the court before insisting on a trial, has lost his recourse for a special term, and he must wait for nine months for a trial under the provisions of section 4 of act 40 of 1880. A reference to that law shows that it applies to general recusation cases, and hence it cannot militate against a special law which imperatively requires a speedy trial of all contested election cases. Hence it has no bearing on the point now under discussion.

It is too plain for argument that relator had no control over the then presiding judge of the court touching an adjournment of the term, nor could he control the defendant as to the time of filing his answer to the suit. Hence it follows that the unpropitious adjournment of the court

before issue was joined in his case cannot be attributed to his fault or to his laches. The bounden duty of the respondent under the law was to proceed to the court as soon as he was notified of his appointment and to try the case if the court was yet in session. If he found the court adjourned, it was then his duty to order a special term. We hold that the regular term to be held in five weeks, referred to in section 1425, Revised Statutes, is a term at which the case could be tried, and not a term at which it was a physical as well as a legal impossibility to secure a trial. Bearing in mind that the great and primary object of that legislation is to secure a speedy trial of that class of cases, we hold that the term which began on the 12th of May was not such a regular term as the law contemplates. Hence, the necessity for a special term did occur, and it should have been ordered. But as it was not ordered, and a literal compliance with the requirements of the statute has thus been rendered impossible, can the relator be thereby defeated of his rights to, and the spirit of the law thwarted in its imperative requirement of a speedy trial of the cause? Evidently not. Hence we conclude that a special term should be ordered, and we shall so decree.

*Third*—As to the other relief which relátor craves at our hands, we think that he is not entitled to the same. If his opponent, under the effect of the dissolution of the injunction which was intended to restrain his induction into the office of Sheriff, has proceeded to qualify and to assume the functions of the office, relator will have his recourse against him under the bond of dissolution; if he has not qualified, and the former incumbent has continued in office, the defendant in injunction will be liable to relator for all damages and for the emoluments of which the relator will have been deprived in the meantime. Hence, the injury which he may sustain is not irreparable, therefore he is not entitled to an appeal. State *ex rel* Pflug vs. Judge, 35 Ann. 765.

On this branch of the case the mandamus must therefore be declined.

It is therefore ordered that the alternative writ of mandamus herein issued, ordering the Judge of the Twenty-fifth Judicial District to order a special term of the Twenty-first Judicial District Court in and for the parish of Iberia, for the trial of the case of Jules Mestayer vs. P. A. Veazie, be made peremptory; and it is further ordered that Conrad Debaillon, judge of said Twenty-fifth Judicial District, do order such special term at the earliest date which may be consistent with his duties in his own district, and that at the time thus fixed he proceed to the trial of said cause according to law; and that he pay all costs of these proceedings.