PER CURIAM.
 

 On November 7, 1941, this court assigned the Honorable Henry L. Himel, who is the judge of the district court in and for the 23rd Judicial District, composed of the Parishes of Assumption, Ascension and St. James, to hold court in the 25th Judicial district, composed of the Parishes of St. Bernard and Plaquemines, and to discharge the duties of the district judge
 
 in
 
 and for that district until the further orders of this court. The reason for the assignment was that certain charges were then pending against the district judge in and for the 25th Judicial District in a suit brought by the district attorney for the removal of the judge from office. The assignment of Judge Himel to hold court in the 25th Judicial District was made under authority of section 12 of Article 7 of the Constitution, and it was so declared in the order assigning Judge Himel to the 25th District. It is provided in that section of the Constitution that the Supreme Court shall have authority to assign for any cause a judge of any one of the district courts to another
 
 *171
 
 district court, and to provide for the interchange of judges of the district courts, in such manner as to carry out the purposes for which courts are created, and to secure the prompt and efficient administration of justice. This court rendered judgment removing Judge Meraux from office, in the suit which was brought against him by the district attorney, and the judgment became final by the refusal of a rehearing on August 5, 1942. Thereafter, on that date, the Governor appointed Oliver S. Livaudais, Sr., as district judge in and for the 25th Judicial District composed of the Parishes of St. Bernard and Plaquemines, to fill the vacancy caused by the removal of Judge Meraux from office. Judge Livaudais took the oath of office and entered upon the discharge of his duties and remained in possession of the office, performing the duties thereof, until August 10, 1942. On that date he was served with a citation and copy of a petition filed by Leander H. Perez, district attorney in and for the 25th Judicial District, and by L. D. Dauterive, who is the sheriff of the Parish of Plaquemine and a property tax payer; in which petition, which was addressed to Judge Henry L. Himel, the district attorney and the sheriff asked Judge Himel for a preliminary injunction to enjoin and restrain Oliver S. Livaudais, Sr., from performing the duties of the office of district judge in and for the 25th Judicial District. Judge Himel, on August 8, 1942, on the petition of District Attorney Perez and Sheriff Dauterive, signed an order commanding Oliver S. Livaudais, Sr., to show cause at 10:00 o’clock A. M. on August 15, 1942, why a preliminary injunction should not issue, to enjoin and restrain him from performing the duties of district judge under the commission which had been issued to him by the Governor.
 

 Judge Livaudais has filed a petition in this court asking for a peremptory writ of prohibition, to prevent Judge Himel from interfering with him,. Judge Livaudais, in the discharge of his duties as judge of the 25th Judicial. District Court, and to prevent any and all further proceedings on the part of Judge Himel in the suit filed by the district attorney and the sheriff, entitled State of Louisiana ex rel. Leander H. Perez, District Attorney, et al. versus Oliver S. Livaudais, Sr., No. 2678 of the docket of the 25th Judicial District Court, for the Parish of St. Bernard.
 

 The order which Judge Himel rendered in the suit of Leander H. Perez, District Attorney, et al. versus Oliver S. Livaudais, Sr., No. 2678, was signed by Judge Himel as “temporary judge”. From this we infer that Judge Himel is claiming authority to continue to serve as district judge in and for the 25th Judicial District, composed of the Parishes of St. Bernard and Plaque-mines, under the temporary assignment which was made by this court on November 7, 1941, under authority of section 12 of article 7 of the Constitution.
 

 The assignment of Judge Himel to discharge the duties of judge of the 25th Judicial District Court in and for the Par- • ishes of St. Bernard and Plaquemin'es was only a temporary assignment, intended to remain in effect until this court would decide whether Judge Meraux should be removed from office or should be allowed to
 
 *173
 
 resume the duties of his-office. In fact it was declared in the order of assignment that it should remain in effect only “until the further orders of this court”. Therefore, when the decree of this court removing Judge Meraux from office became final, and the Governor appointed Judge Livaudais to fill the vacancy caused by the removal of Judge Meraux, the authority of Judge Himel to serve as temporary judge in the 25th Judicial District in and for the Parishes of St. Bernard and Plaquemines was terminated, and Judge Himel had no authority whatever to sign any judicial order to decree as judge of the 25th Judicial District Court. It is true that this court did not, at the time when Judge Meraux was removed from office and when Judge Livaudais was appointed by the Governor to fill the vacancy,
 
 sign an
 
 order revoking the temporary assignment of Judge Himel to the 25th Judicial District, which had been made on November 7, 1941. No request was made by Judge Livaudais or by any one else to have the temporary assignment revoked; in fact, there was no necessity for a revocation of the assignment. It was terminated by the removal of Judge Meraux from office and the appointment of Judge Livaudais to fill the vacancy. The order assigning Judge Himel to perform the duties of judge in and for the 25th Judicial District was not an appointment of Judge Himel to fill the vacancy in that district. This court has no authority to fill a vacancy occurring in the office of district judge. Section 12 of article 7 of the Constitution has nothing to do with the filling of vacancies in the office of district judge.
 

 Under authority of section 69 of article 7 of the Constitution the Governor had authority to fill the vacancy caused by the removal of Judge Meraux from office. That section of the Constitution provides that vacancies caused by death, resignation, or otherwise, in the office of district judge, district attorney, sheriff, or clerk of the district court, where the unexpired portion of the term is less than one year, shall be filled by appointment by the Governor, with the advice and consent of the Senate; and in cases where the unexpired portion of the term is one year, or more, the vacancy shall be filled by special election, to be called by the Governor, and held within sixty days after the occurrence of the vacancy. The unexpired portion of the term of office of Judge Meraux was less than a year at the time of his removal from office. And, as the vacancy occurred during the recess of the Senate, the Governor had authority under section 12 of article 5 of the Constitution, to grant a commission .which shall expire at the end of the next session of the Senate. In the case of State ex rel. Williams v. Cage, Judge, 196 La. 341, 199 So. 209, it was held that the Governor would have had the right to fill a vacancy in the office of judge of the Civil District Court for the Parish of Orleans, if the unexpired portion of the. term of office had been less than a year when the vacancy occurred. In that case a vacancy was occasioned by the judge’s having arrived at the age of 80 years, and being therefore compelled to retire under section 8 of article 7 of the Constitution. It was held that the Governor had no authority to fill the vacancy, and that it had to be filled by a spe
 
 *175
 
 cial election, because the vacancy occurred more than a year before the expiration of the term of office, notwithstanding the Governor deferred calling an election until less than a year remained of the unexpired portion of the term, and then attempted to fill the vacancy by appointment. There is nothing in that decision that warrants Judge Himel’s attempt in this case to interfere with Judge Livaudais in the discharge of the duties of his office under the appointment made by the Governor.
 

 District Attorney Perez and Sheriff Dauterive, in the suit in which they have obtained the order from Judge Himel commanding Judge Livaudais to show cause why he should not be enjoined from discharging his duties as judge in the district court in and for the 25th Judicial District, contended that Governor Jones did not have authority under section 69 of article 7 or under section 12 of article 5 of the Constitution to fill the vacancy caused by the removal of Judge Meraux from office by making an appointment without obtaining the advice and consent of the Senate. They cite the case of State ex rel. Palfrey v. Judges of Criminal District Court, 199 La. 232, 5 So.2d 756. In that case it was held that the Governor did not have the right to make an appointment to fill a vacancy in the office of Criminal Sheriff for the Parish of Orleans, without obtaining the advice and consent of the Senate, notwithstanding the vacancy occurred during a recess of the Senate and notwithstanding the unexpired portion of the term of office was less than a year. But the reason for the decision was that section 12 of article 5 authorizes the Governor to-make recess appointments to fill vacancies only in cases not otherwise provided for in the Constitution. And with regard to the office of Criminal Sheriff for the Parish of Orleans it is provided in section 93 of article 7 that vacancies in that office shall be filled by appointment by the Judges of the Criminal District Court. With regard to-the office of District Judge, the only provision for filling a vacancy is in section 69~ of article 7, where it is provided that the vacancy shall be filled by appointment by the Governor with the advice and consent of the Senate where the unexpired portion-of the term is less than a year, and that the vacancy shall be filled by a special election called by the Governor if the unexpired portion of the term is a year or more. The provisions of that section are subject, of course, to the provision in section 12 of article 5, giving the Governor authority to fill vacancies occurring during a recess of the Senate, in cases not otherwise provided for in the Constitution, by granting commissions which shall expire at the end of the next session of the Senate. There is nothing in section 69 of article 7 of the Constitution that conflicts with the authority of the Governor to make a recess appointment to fill a vacancy occurring in the office of district judge, by granting a commission which shall expire at the end of the next session. Section 69 merely requires that an appointment made by the Governor to fill a vacancy in the office of district judge or in any other of the offices mentioned in that section shall be confirmed by the Senate if the Senate is in session when the vacancy occurs; and, according
 
 *177
 
 to section 12 of article 5, the appointment must be confirmed by the Senate at its next session if the vacancy has occurred during the recess of the Senate. The decision in State ex rel. Palfrey v. Judges of Criminal District Court is not at all applicable to this case because in this case the filling of the vacancy is provided for by appointment by the Governor under section 69 of article
 
 7
 
 and section 12 of article 5, of the Constitution, and is not otherwise provide ed for in the Constitution. In Palfrey’s case the filling of the vacancy was otherwise provided for in the Constitution, in section 93 of article
 
 7,
 
 which declared that the Judges of the Criminal District Court should fill the vacancy. Section 12 did not authorize the Governor to make the recess appointment in that case because the authority granted to the Governor by that section is limited to cases not otherwise provided for in the Constitution.
 

 In the case entitled In re Perez, 146 La. 373, 83 So. 657, it was held that a district judge who was assigned to another district to hold court during a vacancy had no further authority to serve as judge of that district after the vacancy was filled by an appointment made by the Governor, and that the judge who was temporarily assigned to the district had no right to question the validity of the appointment made by the Governor to fill the vacancy. We quote from the syllabus of the decision, thus:
 

 “If a temporary appointment or designation to fill a vacancy on the district court bench, made by the Supreme Court or a judge thereof, was valid, the term of appointment would be at an end when the vacancy has been filled by appointment by the Governor, and the Governor’s commission is prima facie proof of the right of his appointee to enter on and perform such duties, and in the absence of judicial contest must be recognized by the Supreme Court.”
 

 In the petition of District Attorney Perez and Sheriff Dauterive, addressed to Judge Plimel and praying for an injunction, it is alleged that there is no other person than the defendant, Oliver S. Livaudais, Sr., claiming the office to which Livaudais was appointed by the Governor. For that reason the District Attorney and the Sheriff, either officially or as a tax payer, had no interest
 
 in
 
 questioning and hence no' right to question the title of Judge Livaudais to the office to which he was appointed by the Governor; and Judge Himel, whose temporary assignment to the 25th Judicial District was terminated by the removal of Judge Meraux from office and the appointment of Judge Livaudais as his successor, had no authority thereafter to question the title of Judge Livaudais to the office of district judge in and for the 25th Judicial District, or to attempt to preside as district judge in or for that district.
 

 The temporary assignment of Judge Himel, made by this court on November 7, 1941, was made under the administrative authority of this court, and by an ex parte order, in which no individual was particu
 
 *179
 
 larly concerned. If it is argued that the order should have been revoked by a special order of this court when the decree removing Judge Meraux from office became final and when the vacancy was filled by the appointment of Judge' Livaudais, and if there was any neglect on the part of any one interested in obtaining such an order of revocation, it would be sufficient to say now that the order is revoked. In fact the order was terminated by the removal of Judge Meraux and the appointment of Judge Livaudais to fill the vacancy.
 

 For the reasons stated the order rendered by Judge Henry L. Himel on August 8, 1942, in the proceeding entitled State of Louisiana ex rel. Leander H. Perez, District Attorney, et al., v. Oliver S. Livaudais, Sr., No. 2678 of the 25th Judicial District Court in and for the Parish of St. Bernard, commanding Judge Oliver S. Livaudais, Sr., to show cause on August 15, 1942, why he should not be enjoined from discharging his duties of judge of the 25th Judicial Court under the appointment made by the Governor, is declared null as having been rendered without any judicial authority on the part of Judge Himel. Accordingly, the prayer of the relator, Judge Oliver S. Livaudais, for the peremptory prohibition is granted, prohibiting Judge Henry L. Himel from interfering with the authority of Judge Livaudais to discharge his duties' as district judge in and for the 25th Judicial District, under authority of the appointment made by the Governor to fill the vacancy caused by the removal of Judge Meraux from office.