PONDER, Justice.
 

 On November 7,1941, this court executed an order assigning Honorable Henry L. Himel, Judge of the 23rd Judicial District, to hold court in the 25th Judicial District, composed of the parishes of St. Bernard and Plaquemines, and to discharge the duties of district judge for that district until further orders of this court. The reason for the assignment was that certain charges were pending against the district judge in .and for the 25th Judicial District in a suit brought by the district attorney for the removal of the judge from office. In pursuance to the order of this court, Judge Himel entered upon the duties required of him by the assignment. The judge of the 25th Judicial District was removed from office by judgment 'of this court which became final on August 5, 1942. Thereafter, the Governor appointed Honorable Oliver S. Livaudais, Sr., as district judge for the 25th Judicial District, composed of the parishes of St. Bernard and Plaquemines, to fill the vacancy caused by the removal of Judge Meraux. On August 5, 1942, •Judge Livaudais, after having taken the oath of office, entered upon the discharge of his duties and remained in possession of the office.
 

 . Prior to the appointment of Judge Livaudais, L. H. Folse,- a resident and taxpayer of St. Bernard Parish, instituted a suit attacking a special road district tax election held in St. Bernard by the defendant police jury on April 14, 1942. The plaintiff sought and obtained from Judge Himel a temporary restraining order prohibiting the Police Jury from borrowing and the St. Bernard Bank and Trust Company from lending any part of the $30,000 anticipated revenues to be derived from the tax voted on at the election.
 

 After the case was tried, Judge Himel, in open court and in the presence of both counsel, made a statement to the effect that he was going on his vacation on August 4, 1942, and would not be able to decide the case prior to that time. He requested a memoranda of authorities from both counsel and suggested that an agreement be stipulated in the record, permitting him to render judgment in vacation. It was stipulated in the record, by agreement of opposing counsel, that Judge Himel be per'mitted to render judgment during the vacation of the court.
 

 
 *1051
 
 Judge Livaudais was appointed on August 5, 1942. Shortly thereafter, the memoranda of authorities requested were presented to Judge Himel. On August
 
 7,
 
 1942, two days after Judge Livaudais was appointed and sworn in as judge, the restraining order was extended for ten days by Judge Himel.
 

 On August 14, 1942, this court held that Judge Livaudais was the duly appointed judge for the parishes of St. Bernard and Plaquemines.
 

 On August IS, 1942, Judge Livaudais refused to sign an order extending the restraining order. In so doing, he stated that he would have given it due consideration if it had been presented to him on August 7, 1942. He further stated that he was of the opinion that the order signed 'by Judge Himel on August 7, extending the restraining order, was null and void ab initio under the per curiam of this court in State ex rel. Livaudais v. Himel, 201 La. 168, 9 So.2d 509.
 

 Thereafter, the plaintiff Folse applied to this court for .writs of certiorari, mandamus and prohibition to be directed to the Police Jury, Sit. Bernard Bank and Trust Company, Judge Livaudais and Judge Himel, ordering each and all of the parties to show cause why Judge Himel should not be directed to proceed with the trial and render judgment in the case. The plaintiff asked that a stay order be issued prohibiting Judge Livaudais from proceeding in the matter until further orders of this court. The writs were granted, and a rule issued. The matter is now submitted for our determination.
 

 The relator takes the position that Judge Himel has jurisdiction over the cause.
 

 In the case of State of Louisiana ex rel. Mestayer v. Debaillon, Judge of the Twenty-fifth Judicial District, 36 La.Ann. 828, Judge Fontelieu, the presiding judge of the 21st Judicial District Court of Iberia in which a suit had been filed, entered an order recusing himself on the grounds of interest and appointed Judge Debaillon, a judge of an adjoining district, to try the cause. One day after the recusation of the presiding judge and the appointment of the judge from an adjoining district to try the case, Judge Gates was commissioned and inducted in office as successor to Judge Fontelieu. Mestayer, the relator, sought to compel Judge Debaillon to try the cause and grant him a suspensive appeal from an order dissolving on bond a writ of injunction previously issued. While it was stated that there was a suit pending, in which the election of
 
 Judge
 
 Gates was contested by Judge Fontelieu, yet this court stated to the effect that the wiser course was to concede for the sake of argument that Judge Gates was and had been the lawful judge from the date of his induction into office. Having disposed of that question, this court said:
 

 “This leads us to the consideration of the proposition asserted by respondent, that the order of recusation has thereby been vacated, and that he has no more authority in the premises.
 

 “It is not pretended or even intimated that,the order of recusation was not perfectly legal and binding at the time that it was issued. It therefore follows, and it is
 
 *1053
 
 virtually conceded, that under its effect the respondent became vested with jurisdiction over the cause as absolutely and as exclusively as would have been the case with a suit originating in his own court.
 

 “The jurisdiction thus acquired under and by virtue of a judicial order must attach and continue until it has been destroyed or divested by equally competent authority in a direct order, not by inference or even by collateral proceedings. No principle of law has received greater and more frequent sanction, or is more deeply imbedded in our jurisprudence, than that which forbids a collateral attack on a judgment or order of a competent tribunal, not void on its face ab initio.
 

 “The rule has been frequently applied to orders and decrees issued ex parte. Duson, Curator, v. Dupré et al., 32 [La.] Ann. 896, and authorities therein cited.
 

 “NoW, in this case it is not even alleged that the order of recusation has ever been revoked or otherwise vacated by any competent authority, not even by Judge Gates himself. It is therefore yet in full force, and under it respondent continues to be vested with exclusive jurisdiction over the cause, until stripped of his authority in a legal manner."
 

 Under this doctrine, Judge Himel Decame vested with jurisdiction over the cause absolutely and exclusively as would have been the case with a suit originating in his own district. Having acquired jurisdiction under and by virtue of an order of this court predicated on Section 12 of Article VII of the Constitution of this State, his jurisdiction continues until it is destroyed or divested by equally competent authority in a direct order and not by inference or collateral proceedings.
 

 The respondents rely on the case of State ex rel. Livaudais v. Himel, 201 La. 168, 9 So.2d 509, as authority that Judge Himel is divested of jurisdiction in this cause. The cited case is not in point. In that case, Judge Himel signed an order after Judge Livaudais was inducted into office, on the petition of the district attorney and sheriff, ordering Judge Livaudais to' show cause why he should not be enjoined and restrained from performing the duties of district judge under the commission issued him by the Governor. Our holding was to the effect that Judge Himel was prohibited from interfering with the authority of Judge Livaudais in the discharge of his duties as judge of that district under the appointment made by the Governor. We were not presented in that case with a cause that had been tried or partially tried, and for that reason the holding is not pertinent to the issues involved herein.
 

 For the reasons assigned, the alternative writ of mandamus issued herein is made peremptory. It is ordered that Honorable Henry L. Himel, Judge of the 23rd Judicial District Court, proceed with the trial of the cause of “L. H. Folse v. St. Bernard Parish Police Jury and St. Bernard Bank & Trust Co., Inc." according to law. It is further ordered that Judge Oliver S. Livaudais is prohibited from interfering with the authority of Judge Himel in the trial and disposition of said cause.
 

 ROGERS, J., absent.
 

 
 *1055
 
 ' O’NIELL, C. J., dissents because the case has not been heard on its merits and it is conceded that there is no restraining order in effect.