203 So.2d 812 (1967)
John GARNETT, d/b/a Empire Cash Store,
v.
Leon ANCAR.
No. 2730.
Court of Appeal of Louisiana, Fourth Circuit.
November 6, 1967.
*813 Morphy, Freeman & Batt, A. D. Freeman, Jr., New Orleans, for plaintiff-appellant.
Emile E. Martin, III, Belle Chasse, for defendant-appellee.
Before YARRUT, SAMUEL and HALL, JJ.
HALL, Judge.
On May 18, 1964 John Garnett d/b/a Empire Cash Store brought suit against Leon Ancar for $1,040.21 on an open account for groceries and other items.
Ancar was personally served with process on May 22, 1964. On May 29, 1964 Ancar's attorney filed a prayer for oyer of the sales slips evidencing the account and obtained an order commanding plaintiff under penalty of dismissal of his suit as of non suit to produce and file the sales slips within ten days from service of the order and relieved defendant from pleading or answering until the documents were filed. This order was served on plaintiff's attorney on June 5, 1964.
On June 24, 1964 plaintiff filed a return on the prayer for oyer stating that the sales slips had been lost and that he was unable to produce them and prayed that the prayer for oyer be deemed satisfied and that defendant be ordered to file his answer or other pleadings within ten days. According to the certificate of counsel appearing at the bottom of the return a copy thereof had been mailed to defendant's counsel on June 22, 1964. The District Judge, in accordance with plaintiff's prayer rendered and signed an ex parte order on June 24, 1964 ordering that his former order for oyer be deemed satisfied and that the defendant file his answer or other pleading to the suit "within ten days from date hereof." It does not appear that a copy of this order was ever served on defendant or his counsel.
Two years later, viz., on July 8, 1966, defendant having failed to answer plaintiff's suit or otherwise plead, plaintiff obtained a preliminary default which was confirmed on July 14, 1966 and judgment was rendered in plaintiff's favor as prayed for.
On December 6, 1966 defendant, Ancar, was served with a "Rule to Examine Judgment Debtor" which rule was made returnable on December 12, 1966.
On December 19, 1966 defendant filed a rule to show cause why the default judgment rendered on July 14, 1966 should not be declared a nullity and why it should not be set aside and voided on the ground that defendant had received no notice of the Court's order of June 24, 1964 that the prayer for oyer be deemed satisfied and that defendant file his answer or otherwise plead within ten days.
Plaintiff filed a return to this rule excepting thereto on the ground that a final judgment cannot be annulled by rule but can be annulled only by an action of nullity under the provisions of LSA-C.C.P. Art. 2001 et seq.
Following a hearing on the rule the District Judge rendered judgment on January 5, 1967 declaring the default judgment of July 14, 1966 to be a nullity and vacating and setting it aside.
Plaintiff prosecutes this appeal from that judgment.
The question presented to this Court is whether a final judgment may be annulled by rule.
Under the law and the jurisprudence prior to the adoption of the Code of Civil *814 Procedure the nullity of a final judgment could not be pronounced except in a direct suit preceded by petition and citation. Article 610 of the Code of Practice reads as follows:
"610. Petition to nullify in Court rendering judgmentCitation of adverse party.The party praying for the nullity of a judgment, before the court which has rendered the same, must bring his action by means of a petition; and the adverse party must be cited to appear, as in ordinary suits."
The only exception recognized by the jurisprudence was that the validity of a final judgment might be collaterally attacked provided its invalidity was absolute and patent on the face of the record.
Code of Practice Art. 610 is not repeated in the Code of Civil Procedure in so many words. However the Articles of the Code of Civil Procedure (LSA-C.C.P. Articles 2001-2006) which relate to the nullity of judgments are found in Section 3 of Title VI of Book II thereof. Book II is entitled "Ordinary Proceedings" and Section 3 of Title VI thereof is entitled "Action of Nullity" (emphasis supplied). The Articles 2001-2006 themselves speak of the "action to annul." Although we do not find in the Code of Civil Procedure any specific definition of the word "action" we do find Article 1201 (LSA-C.C.P. Art. 1201) which reads in part as follows:
"Art. 1201. Citation; Waiver.
"Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null. * * *" (emphasis supplied)
Since the action of nullity is neither a summary (See LSA-C.C.P. Art. 2592) nor an executory proceeding (See LSA-C.C.P. Art. 2631) but an ordinary proceeding citation and service are essential to it and without them all proceedings are absolutely null (LSA-C.C.P. Art. 1201).
We are of the opinion that the Code of Civil Procedure has not effected any substantial change in the provisions of Article 610 of the Code of Practice or the jurisprudence interpreting that article.
As we have previously stated the jurisprudence interpreting C.P. Article 610 has uniformly permitted a judgment to be collaterally attacked when it is absolutely void for defects patent on the face of the record. See Decuir v. Decuir, 105 La. 481, 29 So. 932; Nottingham v. Hoss, 19 La. App. 643, 141 So. 391; In re New Orleans Butchers' Co-operative, Abattoir, Inc., La. App., 193 So.2d 309; Folse v. St. Bernard Parish Police Jury, 201 La. 1048, 10 So.2d 892; Gele v. Cotonio, 3 Orl.App. 165.
Conversely the Supreme Court in Allen v. Commercial National Bank of Shreveport, 243 La. 840, 147 So.2d 865 said:
"No principle of law has received greater and more frequent sanction, or is more deeply bedded in our jurisprudence, than that which forbids a collateral attack on a judgment or order of a competent tribunal not void on its face ab initio * * *"
The question to be decided here is whether the default judgment of July 14, 1964 is an absolute nullity for defects patent on the face of the proceedings leading up to it. If so it may be attacked at any time, at any place, by rule or by any other method. If not it cannot be attacked except by a direct action of nullity preceded by petition and citation.
Defendant's contention as we understand it is that the default judgment rendered against him is an absolute nullity, not being "a valid judgment by default" (See LSA-C.C.P. Art. 2002(2)) for the reason that he was not served with a copy of the order of June 24, 1964 declaring the prayer for oyer satisfied.
We know of no provision of law which requires defendant to be served with *815 notice that the documents called for in a prayer for oyer have been filed or that he be served with notice that the prayer for oyer has been otherwise satisfied. We observe parenthetically that "oyer" eo nomine is not included in the provision of the Code of Civil Procedure, Article 175 of the Code of Practice having been replaced therein by Article 1311. (LSA-C.C.P. Art. 1311)
Defendant was personally served with citation which required an answer to plaintiff's suit within fifteen days. Subsequently the order for oyer extended the time for answering until the documents called for were filed. The order of June 24, 1964 declaring the oyer satisfied did not in effect require the defendant to do anything. Its effect was to grant defendant an additional delay of ten days from the date thereof within which to answer.
Defendant had full knowledge of the contents of plaintiff's return to the prayer for oyer, a copy thereof having been mailed to defendant's attorney prior to its filing. Since the return required no appearance or answer by defendant such service fully met the requirements of LSA-C.C.P. Arts. 1312 and 1313.
In spite of his knowledge of the contents of plaintiff's return, defendant, as far as disclosed by the record, made no inquiries as to the Court's disposition of the return until after the default judgment was rendered against him two years later.
In our opinion there is nothing on the face of the record which discloses the default judgment of July 14, 1966 to be an absolute nullity; consequently its nullity vel non can be determined only in a direct action of nullity preceded by petition and citation. It cannot be attacked by rule.
For the foregoing reasons the judgment appealed from is annulled and set aside, and judgment is now rendered dismissing defendant's rule of December 19, 1966; all costs of both Courts to be borne by Leon Ancar, defendant-appellee.
Judgment annulled and rule dismissed.
SAMUEL, Judge (dissenting).
I agree that a final judgment can be annulled only by a direct suit preceded by petition and citation if the invalidity of the judgment is not absolute and patent on the face of the record. But in the instant case I am of the opinion that the proceeding by rule to show cause was proper because the nullity of the default judgment in favor of plaintiff in the amount prayed was absolute and patent on the face of the record.
The order for oyer dated May 29, 1964 directed plaintiff to produce and file in the proceedings "* * * the sales slips or account slips showing the date or dates and the items purchased as alleged" in the petition and specifically relieved the defendant from pleading or answering until the sales or account slips were filed in accordance with the order. Regardless of any question as to the propriety of the prayer for oyer as a result of the fact that the present Code of Civil Procedure makes no provision for such a pleading, there can be no question about the validity of the May 29 order signed by the trial court or the fact that, under authority given the court by LSA-C.C.P. Art. 1001, it granted defendant additional time for answering.
Plaintiff made a return to the prayer and order for oyer by written motion in which he alleged he was unable to produce the sales or account slips in question because they "* * * are believed to have been sent to Thomas McBride, III, Attorney at Law, for his attention and thereafter lost;" and therefore he would have to rely on secondary evidence to prove his claim. The motion prayed that the prayer for oyer be deemed satisfied and defendant be ordered to file his answer or other pleading within 10 days. To the return motion plaintiff attached his affidavit stating that all of the facts contained therein were true and correct. Based on this pleading alone the trial court signed an ex parte order dated June 24, 1964 satisfying the previous order for oyer and requiring that the defendant *816 file his answer or other pleading within 10 days from the date of such signing. The June 24 order was never served on the defendant in any manner.
The basic question is whether plaintiff's return to the prayer and order for oyer was an ex parte or a contradictory motion. If it was the former the court could grant the order ex parte, there would be no need for service of the motion or a hearing; if it was the latter the court could take no effective action thereon until after the motion had been served on the defendant and tried contradictorily with him. I am of the opinion that the return was a contradictory motion and that the judgment appealed from should be affirmed.
Code of Civil Procedure, Art. 963 is applicable and reads as follows:
"If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.
The rule to show cause is a contradictory motion." LSA-C.C.P. Art. 963.
To justify noncompliance with the order to produce the sales or account slips plaintiff's return motion alleges only that he "believed" those slips were sent to an attorney for his attention and thereafter lost. His affidavit adds nothing to the allegation. Certainly the order applied for in the return motion was one to which plaintiff was "not clearly entitled" and one which did require supporting proof. A question of fact was involved and it was incumbent upon plaintiff to prove to the court that the slips were not available to him for production.
There having been no service of plaintiff's contradictory return motion on the defendant and the motion not having been tried contradictorily with the defendant, the June 24 ex parte order requiring that the defendant file his answer or other pleading within 10 days from that date was invalid. It did not have the effect of recalling the previous May 29 order which relieved the defendant from pleading or answering until plaintiff filed the slips.
Under LSA-C.C.P. Art. 1701 a default may be rendered against a defendant only when he fails to answer within the time prescribed by law. Here the defendant did not fail to answer within the time prescribed by law, i. e., within the extension of time granted to him by the still effective order of May 29. Thus the invalidity of the default judgment herein sought to be annulled is absolute and patent on the face of the record.
One other matter should be mentioned. The record reveals that, at least in part, the proof offered by plaintiff to obtain the default judgment consisted of the very same sales or account slips which he failed to produce in response to the order for oyer. I do not suggest that this in itself would now justify an affirmation of the judgment appealed from since an annulment sought on that ground probably would have to be by direct action preceded by petition and citation. But I do make mention of plaintiff's use of the slips which he had previously alleged he could not produce because it emphasizes the need for supporting proof of the return motion.
I respectfully dissent.