BAILES, Judge.
This is an appeal from a judgment of the trial court granting a motion for summary judgment the effect of which was the dismissal of the third party proceeding filed by the third party plaintiff (defendant in main demand), Zachary Hardwood Lumber Company, Inc., against Fidelity and Deposit Company of Maryland, third party defendant. We find the result reached by the trial court was correct, and the judgment appealed from is affirmed.
The following undisputed facts are pertinent to a consideration of the question of law involved. Decedent, Sam Collins, Jr., a resident of East Feliciana Parish, Louisiana, was killed in a vehicular accident in Pike County, Mississippi, during the early morning hours of February 11, 1963. The alleged driver of the truck in which decedent was killed was his brother, James Collins. There apparently were no witnesses to the accident and no other vehicle was involved. The truck in which decedent was a passenger at the time of his death was owned by Zachary Hardwood Lumber Company, Inc., and J. J. Johnson, and was insured with public liability coverage by St. Paul Fire & Marine Insurance Company. It was alleged that at the time of the accident the driver, James Collins, was acting within the course and scope of his employment by Zachary Hardwood Company, Inc., and J. J. Johnson.
The mother of the decedent, Daisy Collins, also a resident of East Feliciana Parish, Louisiana, through her counsel, represented through appropriate proceedings filed in the Chancery Court of Pike County, Mississippi, that she was entitled to Letters of Administration of the estate of Sam Collins, Jr. She alleged in her petition wherein she sought the abovementioned letters of administration that the only property left by her deceased son was the unliquidated claim for damages arising out of the above stated accident, and further, that decedent was survived by his mother, said Daisy Collins, and an illegitimate daughter born July 24, 1959. Letters of Administration were then issued to Daisy Collins by the Chancery Court of Pike County, Mississippi.
*798 Subsequently Daisy Collins, as adminis-tratrix, petitioned the Chancery Court of Pike County, Mississippi, for authority to settle the wrongful death claim on behalf of the estate of Sam Collins, Jr., alleging again that the decedent was survived by petitioner and the illegitimate child. It was also alleged in this petition, wherein authority was sought of the court to settle this wrongful death claim, that the ad-ministratrix was represented by an attorney at law and that a settlement of $2,500 for the wrongful death of decedent, and the sum of $963.05 for funeral expenses had been negotiated with the insurer of Zachary Hardwood Lumber Company, Inc. The court authorized the Administratrix to enter into the compromise settlement for the stated amounts and to give and grant a full, final and binding release therefor.
In qualifying as administratrix of her deceased son’s estate, Daisy Collins secured an administratrix’s bond in the amount of $2,500 from Fidelity and Deposit Company of Maryland. The condition of this bond is stated therein as follows: “The condition of this bond is, that if the above bounded Daisy Collins as administratrix of the goods and chattels, rights and credits of Sam Collins, Jr., deceased, shall faithfully, truly and promptly perform and discharge all the duties required of her by law, or by the order of the court, then this obligation be void; otherwise to remain in full force.”
The administratrix petitioned the court for authority to pay the fee of the attorney who represented her in the settlement, and subsequently, petitioned the court for a determination of the heirship of the estate of Sam Collins, Jr. Therein she represented that under the law of Mississippi, as she was the only heir at law, the child of Sam Collins, Jr., being illegitimate, she was entitled to receive his estate. It was stated in this petition that Sam Collins, Jr., had been divorced from his former wife, Ollie Bell Collins and that he had never remarried. A copy of the judgment of divorce was filed in the record. It was shown that the father of the decedent was dead and that decedent had no surviving brothers or sisters. A final account was filed and thereupon the Chancery Court of Pike County, Mississippi decreed that Daisy Collins should receive the residue of the estate, this amounting to $1,-667.67 and being the balance remaining from the settlement previously approved by the court. The final decree, discharging Daisy Collins and her surety, was signed on August 27, 1963.
On October 28, 1963, Rosa Lee Collins, a resident of Tangipahoa Parish, Louisiana, filed suit against Zachary Hardwood Lumber Company, Inc., and J. J. Johnson, to recover damages for the wrongful death of Sam Collins, Jr. She alleged that she was the widow of Sam Collins, Jr., that she had been lawfully married to him on September 21, 1957, and that she had never been divorced from him.
The defendants in the action filed by Rosa Lee Collins filed a third party demand against Fidelity and Deposit Company of Maryland and Daisy Collins. As to Fidelity and Deposit Company of Maryland, the third party demand is limited to the amount of the administratrix bond in the amount of $2,500.
The third party plaintiffs, alleged in the third party petition, inter alia that should they be held responsible in the main demand, they are entitled to indemnification and restitution from the third party defendants for the amount they may be cast in judgment, subject to the amount of the said bond issued by the third party defendant, Fidelity and Deposit Company of Maryland. They also contend that regardless of the outcome of the main demand, they have incurred expense in connection with the defense of the main demand which would amount to $2500. On this basis, they pray that there be judgment in their favor, after trial of the main demand, and against the third party defendant in the amount of $2500, and alternatively, should there be judgment rendered in the main de *799 mand in favor of Rosa Lee Collins against third party plaintiffs, there be judgment rendered simultaneously in favor of third party plaintiffs and against third party defendants in an amount equal to that in which judgment was rendered in favor of plaintiff, Rosa Lee Collins.
The third party defendant, Fidelity and Deposit Company of Maryland filed an exception to the jurisdiction rationae materiae, exception of no cause of action and a motion for summary judgment. After the exceptions and the motion for summary judgment were argued, the trial court granted the motion for summary judgment and dismissed Fidelity and Deposit Company of Maryland as a third party defendant to the third party proceedings filed by the third party plaintiffs.
The motion for summary judgment sets forth two grounds for dismissal, namely: That neither of the third party plaintiffs has a claim or cause of action by way of indemnification or otherwise against the mover; and further that the obligation of the mover as surety on the adminis-tratrix’s bond is void under the express provisions thereof for the reason that all acts, proceedings, settlement and payment of the claim resulting from the death of Sam Collins, Jr., were carried out under legal and valid orders of the Chancery Court of Pike County, Mississippi.
Appellants argue that as Daisy Collins has practiced and perpetrated a fraud on the Chancery Court of Pike County, Mississippi, the condition of the bond, as quoted supra, has not been fulfilled and that the bond is not void. Anticipating that the mover, Fidelity and Deposit Company of Maryland would argue that the third party demands are a collateral attack upon the judgment of the Chancery Court, third party plaintiffs argue it would be inequitable for them to be denied the right to stand on the release given them (the third party plaintiffs) by the Mississippi Court, and at the same time not be able to recover a refund of the amount they paid in compromise settlement to the administratrix from the surety on her bond.
The appellee argues that to permit recovery against it on the administratrix’s bond as the amount paid in the settlement of the Estate of Sam Collins, Jr., was made under a valid order of court would be to sustain a collateral attack on the judgment of the Chancery Court of Pike County, Mississippi.
The trial court, in granting the motion for summary judgment commented that:
“Third party petitioners contend that if third party petitioners are liable for the action taken by Daisy Collins that Fidelity & Deposit Company of Maryland is liable to third party petitioners up to the amount of their bond. With this, the Court does not agree, inasmuch as the bond states on its face that the condition of the bond was that Daisy Collins, as administratrix of the goods and chattels and rights and credits of Sam Collins, Jr., deceased,- shall faithfully, truly and promptly perform and discharge all the duties required by her by law or by order of the Court.
“Daisy Collins as administratrix of the decedent’s estate acted on authority of a court decree and on August 27, 1963, by judgment of the Court, was finally discharged, as was the bondsmen.”
We find that the demand of the third party plaintiffs against Fidelity and Deposit Company of Maryland does constitute a collateral attack on the judgment of the Chancery Court of Pike County, Mississippi, and that such action is prohibited under our law.
It cannot be seriously contended that the State of Mississippi did not have jurisdiction of the subject matter of the succession proceedings. The accident in which the decedent was killed occurred within the territorial jurisdiction of the State of Mississippi; the right of recovery is dependent upon the laws of the State of *800 Mississippi; the denomination of the cause of action and the right of action for the recovery of damages for the wrongful death is governed by the laws of the State of Mississippi; the procedure to be employed in asserting a recovery is determinable under the laws of the State of Mississippi. We conclude that the Mississippi Court was a court of competent jurisdiction as it had jurisdiction of the subject matter and of the parties who appeared before it.
A judgment rendered by a court of competent jurisdiction imparts absolute verity and has force of things adjudged until set aside in a direct action of nullity, and it cannot be attacked collaterally.
As stated in Allen v. Commercial National Bank in Shreveport (1962), 243 La. 840, 147 So.2d 865:
“No principle of law has received greater and more frequent sanction, or is more deeply imbedded in our jurisprudence, than that which forbids a collateral attack on a judgment or order of a competent tribunal, not void on its face ab initio. State ex rel. Mestayer v. Debaillon, 36 La.Ann. 828; Folse v. St. Bernard Parish Police Jury, 201 La. 1048, 10 So.2d 892; In re Phoenix Building & Homestead Ass’n, 203 La. 565, 14 So.2d 447; Ethridge-Atkins Corp. v. Tilly, La.App., 178 So. 669.”
Under the express terms of the bond of the administratrix, Daisy Collins, the obligation of the surety became void upon the accomplishment of her actions under an apparently valid judgment or order of the Chancery Court of Pike County, Mississippi. Even though it might be that the order or judgment of the court was obtained through perjured testimony of Daisy Collins, that court was of competent jurisdiction, and the order or judgment was not void on its face ab initio, therefore it is not subject to collateral attack in the third party petition of Zachary Hardwood Lumber Company, Inc., and J. J. Johnson, Third party plaintiffs.
For the foregoing reasons, the judgment granting the summary judgment and dismissing the third party petition as to Fidelity and Deposit Company of Maryland, third party defendant, is sustained. Appellants to pay all costs of court.
Affirmed.