LeSUEUR, Judge.
This controversy was first brought to trial in the First City Court of the City of New Orleans (Docket No. 71-026). There, the Housing Authority (HANO) secured a judgment on a rule for posses *197 sion brought against the plaintiff. The plaintiff responded to this judgment by suing to enjoin enforcement in the Civil District Court for the Parish of Orleans, alleging improper service.
HANO lodged exceptions to the suit and these were maintained by the trial court. The plaintiffs have appealed.
The exceptions were predicated, first, upon the premise that this suit is, in its essence, a collateral attack upon the judgment of the First City Court of the Parish of Orleans, and that it is, as such, untenable. Second, and reciprocally, the exceptions rest upon the assertion that the First City Court had and retains exclusive jurisdiction. These exceptions are well taken.
There is no question that original jurisdiction lay with the City Court. Art. 7, Sec. 91, of the Constitution provides, in part, as follows:
“A. The territorial jurisdiction of the first city court embraces all that part of the city of New Orleans on the left bank of the Mississippi River. It has exclusive original jurisdiction in all cases where the amount in dispute or fund to be distributed does not exceed one hundred dollars, exclusive of interest, including suits for the ownership or possession of movable property not exceeding that amount in value, and including suits by landlords for possession of leased premises when the monthly rent does not exceed one hundred dollars. * * * ”
That Court’s judgment, as the judgment of a court of proper jurisdiction, indeed of exclusive jurisdiction, is not subject to a collateral attack in a second court. Collins v. Zachary Hardwood Lumber Company, La.App., 207 So.2d 796 (1st Cir. 1968).
This is not to suggest that the plaintiffs are without remedy. If, in fact, service of process was invalid, an action for nullity of judgment will lie in the First City Court pursuant to Art. 2002 of the Code of Civil Procedure. The action of the Court would, at that juncture, remain subject to appropriate appellate supervision.
For these reasons, the judgment appealed from is affirmed.
Affirmed.