CIACCIO, Judge.
On March 23, 1983, plaintiff, William L. O’Neill, filed a petition for judicial review of a decision of the Employment Security Board of Review. On May 17, 1983, defendant, D & D Catering Service, Inc., filed its answer wherein it raised three defenses. On May 24, 1983, plaintiff, under the provisions of La.R.S. 23:1634, filed a rule to show cause why the decision of the Board should not be reversed. The judge signed the order on May 25, 1983, setting the hearing on the rule for June 10, 1983.
On June 7,1983, the Administrator of the Office of Employment Security filed his “Answer and Return in Judicial Review.” On June 17, 1983, the trial judge rendered judgment reversing the decision of the Board.
The next thing that appears in the record is a “Motion to Annul Judgment and Reopen Judicial Review” filed by D & D Ca *159 tering on August 22, 1983. The trial judge denied this motion. Defendant requested a new trial on the motion to annul which the trial court denied. Defendant now appeals from the denial of its motion to annul.
The nullity of a final judgment may be demanded for vices of either form or substance. La.C.C.P. Art. 2001. If a judgment is an absolute nullity for defects patent on the face of the proceedings leading up to it, the judgment may be attacked at any time, at any place, by rule or any other method. La.C.C.P. Art. 2002; Garnett v. Ancar, 203 So.2d 812 (La.App. 4th Cir.1967). These judgments are said to be null ab initio. Nethken v. Nethken, 307 So.2d 563 (La.1975).
A final judgment obtained by fraud or ill practices may be annulled. La.C.C.P. Art. 2004. Such a judgment is not an absolute nullity. A judgment, although founded on ill practices, must be presumed to have been regularly obtained until the contrary is shown in direct proceedings. By a direct action is meant that the party praying for the nullity of a judgment, before the court which has rendered that judgment, must bring his action by means of a petition, and the adverse party must be cited to appear as in ordinary suits. La.C.C.P. Arts. 1201, 2001-2006; cf. La.Code of Practice Art. 610; Nethken v. Nethken, supra; Garnett v. Ancar, supra.
No principle of law has received greater and more frequent sanction, or is more deeply imbedded in our jurisprudence, than that which forbids a collateral attack on a judgment or order of a competent tribunal, not void on its face ab initio. La.Code Civ.P. arts. 2001-2006; Allen v. Commercial National Bank, 243 La. 840, 147 So.2d 865 (1962); In re Phoenix Building & Homestead Assn., 203 La. 565, 14 So.2d 447 (1943); Folse v. St. Bernard Parish Police Jury, 201 La. 1048, 10 So.2d 892 (1942); State ex rel. Mestayer v. Debaillon, 36 La. Ann. 828 (1884).
Nethken v. Nethken, 307 So.2d at p. 565.
Our review of the judgment which defendant seeks to annul and the proceedings leading up to that judgment has not revealed any defects which would render the judgment absolutely null or “void on its face ab initio.” Defendant-appellant in its brief to this court has not alleged any such defects nor argued for the judgment’s absolute nullity, but has based its argument on the ground that the judgment was obtained by fraud or ill practices and couched its framing of the issue on appeal in terms of entitlement to annulment pursuant to La.C.C.P. Art. 2004. Any action to annul the judgment was required to be a direct, ordinary action including the essential elements of a petition, citation and service thereof, without which all the proceedings to annul would be absolutely null. La.C. C.P. Art. 1201, Garnett v. Ancar, supra.
Defendant (it would be plaintiff in a direct action) sought to annul the judgment by means of a “Motion to Annul Judgment and Reopen Judicial Review.” It did not institute a direct action. There was no petition, and no citation, although the motion was served on counsel for the Administrator of the Office of Employment Security, and counsel for plaintiff.
Defendant’s motion cannot be considered as a proper proceeding to annul the judgment. This Court takes notice, therefore, on its own motion that in these proceedings defendant has no right to demand the nullity of the judgment. La.C.C.P. Art. 927; Nethken v. Nethken, supra. An action for nullity cannot be substituted for failure to take a timely appeal. O’Neill v. Sumrall, 447 So.2d 1269 (La.App. 4th Cir. 1984) and cases cited therein.
Further, whether ill practice occurred to render a judgment a nullity is a factual issue which must be proved by evidence placed in the record. The party seeking to annul the judgment has the burden of proving the facts upon which he argues for nullity. See Gulf Acceptance Loan Corporation v. Demas, 205 So.2d 855 (La.App. 4th Cir.1968) and Bush v. Lee, 443 So.2d 702 (La.App. 5th Cir.1983), writ denied, 446 So.2d 321 (La.1984). The record before us contains defendant’s mo *160 tion to annul and a supporting memorandum, a judgment denying the motion, defendant’s motion for a new trial on the motion to annul and a supporting memorandum, and a judgment denying a new trial. There is no evidence. From the record there is no proof of any fact which might support the defendant’s position.
Accordingly, the judgment denying defendant’s motion to annul is affirmed.
AFFIRMED.