*118
 
 PER CURIAM.
 

 Campbell Palfrey has filed a petition for supervisory writs to compel the Judges of the Criminal District Court for the Parish of Orleans to recognize him as Criminal Sheriff for the unexpired part of-the term of Sheriff George E. Williams, who died on December 20, 1941. The unexpired part of the term was only three months and fourteen days when the sheriff died. His successor will be elected in April for the term commencing on the 4th of May, this year.
 

 On the afternoon of the day on which Sheriff Williams died the Judges of the Criminal District Court held a session, en banc, and, acting under authority of Section 93 of Article VII of the Constitution, filled the vacancy in the office temporarily by appointing John J. Williams. It was declared in the order appointing him that he should serve until the vacancy would be filled by election or by appointment by the Governor, “as provided by law”. On the same afternoon, after the judges had filled the vacancy temporarily, the Governor 'appointed Campbell Palfrey sheriff for the unexpired part of the term. Palfrey appeared before the Judges of the Criminal District Court, in session en banc, about 7 o’clock that evening, and presented and filed his commission from the Governor, and his oath of office and official bond; and the judges ordered the documents filed, and expressed the opinion in open court that it was their duty to recognize the Governor’s appointment. John J. Williams was not present or represented by counsel at that session of the court; hence there was then no protest against the proceedings. The deceased sheriff was to be buried next day, Sunday; and out of re- ■ spect for his memory Palfrey waited until Monday morning, December 22, to make demand upon John J. Williams for possession of the office. On Monday morning Williams refused to surrender the office to Palfrey and denied that the Governor had authority to make the appointment. Palfrey then requested the Judges of the Criminal District Court to hold another session, en banc, in order that he might present his commission to Williams in open court and be inducted into office. The session was held that afternoon, and the court, after hearing arguments from the attorneys on each side, decided that, since the incumbent, Williams, had contested the claim of Palfrey for title to the office, and since the outcome of the contest would depend upon the validity of the appointment of Palfrey by the Governor, the court would continue to recognize the incumbent, Williams, as temporary sheriff, until and unless he should be ousted by a judgment of a civil court, having jurisdiction over contests for title to public office. One of the judges dissented, and wrote an opinion maintaining that Palfrey was entitled to take possession of the office.
 

 The short question in the case is whether the Governor had authority under the Constitution or laws of the state to fill the vacancy, without having the appointment confirmed by the Senate. The Judges of the Criminal District Court had authority under Section 93 of Article VII of the Constitution to fill the vacancy temporarily, by appointing John J. Wil
 
 *119
 
 .liams to serve until the vacancy would be “filled by election or appointment, as provided by law”. There is no dispute about -that. But the filling of the vacancy by the Governor, by the appointment of Palfrey, without the advice or consent of the Senate, was not “as provided by law”. It 'is declared in Section 69 of Article VII of the Constitution that vacancies occasioned 'by death, resignation, or otherwise, in the ■office of sheriff (and certain other offices), where the unexpired, portion of the term is less than one year, shall be filled by the 'Governor with the advice and consent of -the Senate; and that where the unexpired ■portion of the term is a year or more the vacancy shall be filled by a special election, to be called by the Governor and "held within sixty days after the occurrence of the vacancy. In this case, therefore, where the unexpired portion of the term of office of Sheriff George E. Williams was Jess than a year, the Governor would have authority to fill the vacancy by appointment if the Senate were in session and would confirm the appointment. But the only .authority conferred upon the Governor to fill vacancies by making appointments during a recess of the Senate is that which is conferred by Section 12 of Article V of the Constitution, and is limited to cases where the filling of the vacancy is not otherwise provided for in the Constitution, — thus:
 

 “The Governor shall have the power to fill vacancies that may occur during the recess of the Senate, in cases not otherwise provided for in this Constitution, by granting commissions which shall expire at the end of the next session;” et cetera.
 

 That section in the Constitution does not give the Governor authority to fill the vacancy in this instance by making a recess appointment, without the advice and consent of the Senate, or without confirmation by the Senate, because the filling of the vacancy in this instance is otherwise provided for in the Constitution, —in Section 93 of Article VII, giving the Judges of the Criminal District Court the authority to fill the vacancy temporarily, or until it is “filled by election or appointment, as provided by law.” There is no reason why the writers of the Constitution should have provided for two temporary fillings of the vacancy in a case like this,— one temporary filling of the vacancy by the judges of the court whose orders and decrees the sheriff executes, — and another temporary filling of the vacancy by the Governor, by granting a commission which shall expire at the end of the next session of the Legislature. The declaration in Section 93 of Article VII of the Constitution, that a sheriff appointed by the judges to fill a vacancy temporarily shall serve until the vacancy is filled by election or appointment, as provided by law, is controlled by the phrase “as provided by law”. It means that the temporary appointee shall serve until the vacancy is filled by a special election to be called by the Governor and held within sixty days if the unexpired part of the term is a year or more, or until the vacancy is filled by appointment by the Governor with the advice and consent of the Senate, if the unexpired part of the term is less than a year. But it does not mean that the temporary appointee of the judges shall serve only until the Governor
 
 *120
 
 can fill the vacancy hy making a recess appointment, because the Governor has no authority to make a recess appointment, under Section 12 of Article V of the Constitution, in a case where the temporary filling of the vacancy is otherwise provided for in the Constitution. If the Senate should meet and confirm the appointment of Palfrey before the expiration of the term for which Sheriff George E. Williams was elected, Palfrey’s case would present a very different question. According to Section 8 of Article III of the Constitution, the Legislature will not meet in regular session until the second Monday in May of this year, which will be a few days after the expiration of the current term of office of the Criminal Sheriff for the Parish of Orleans. For that reason it is likely that John J. Williams will serve as sheriff until the end of the current term. But that is merely an incident in this case, and does not compel a departure from the provisions in the Constitution for the filling of vacancies in public office.
 

 The attorneys for Palfrey rely also upon Act No. 21 of the Second Extra Session of 1934, as giving the Governor authority to make the recess appointment in this instance. But the act is not applicable here because it requires that the filling of such vacancies as it authorizes the Governor to fill by appointment shall be filled “by and with the advice and consent of the Senate.” There is no provi-, sion in the act for the filling of a vacancy by appointment by the Governor without the advice and consent of the Senate. If any provision in this act conflicted with any provision in the Constitution the conflicting provision or provisions in the act would have to yield. But the act does not purport to add anything to the provisions-in the Constitution so far as this case is-concerned.
 

 The petition for writs of certiorari and mandamus, et cetera, is denied.