PER CURIAM.
Plaintiff has appealed from a judgment dismissing his qtio warranto proceeding brought under the provisions of LSA-C.C. P. Art. 3901.
Upon the death of Thomas S. Buckley, Sr., on August 7, 1973, a vacancy existed in the office of Clerk of the Civil District Court for the Parish of Orleans. The unexpired term of office extends until May, 1974.
On August 8, 1973, the Judges of the Civil District Court, meeting en banc, selected and appointed defendant, Joseph E. Rouillier as Clerk of Court, “to serve until such vacancy is filled by election or appointment as provided by law,” whereupon defendant took the oath and properly assumed office. On September 13, 1973, the Governor of Louisiana issued to plaintiff a commission as Clerk of the Civil District Court, whereupon plaintiff took the oath and attempted to take the office. Upon defendant’s refusal to surrender the office this suit was filed.
This action brings into focus the following three sections of LSA-Const. or portion thereof:
“Art. V, § 12:
“The Governor shall have the power to fill vacancies that may occur during the recess of the Senate, in cases not otherwise provided for in this Constitution, by granting commissions which shall expire at the end of the next session; but no person who has been nominated for office and rejected shall be appointed to the same office during the recess of the Senate. The failure of the Governor to send to the Senate the name of any person appointed to office, as herein provided, shall be equivalent to a rejection.”
“Art. VII, § 69, subd. A(l) :
“Vacancies in the office of judge of a district, juvenile, family parish or city court, district attorney, sheriff, assessor, clerk of a district court and registrar of conveyances, recorder of mortgages and state tax collector in Orleans Parish shall be filled by appointment by the Governor, with the advice and consent of the senate.”
“Art. VII, § 93:
“Vacancies in the office of civil sheriff, clerk of the Civil District Court, recorder of mortgages and register of conveyances shall be filled temporarily by the judges of the Civil District Court of the Parish of Orleans, sitting en banc; vacancies in the office of the criminal sheriff, clerk of the Criminal District Court, clerk and constable of the city courts, shall be filled temporarily by the judges of the courts to which they are attached and all of said appointees shall serve until such vacancies are filled by election or appointment, as provided by law.”
This case is in the exact same legal posture as that which confronted the Supreme Court in State ex rel. Palfrey v. Judges of *843 Criminal District Court of Parish of Orleans, 199 La. 232, 5 So.2d 756, where it was held that the appointment by the Judges of the Criminal District Court to fill a vacancy in the office of Criminal Sheriff for the Parish of Orleans was valid pursuant to Art. V, § 12 and Art. VII, § 93 and that the provisions of Art. VII, § 69, subd. A(l) were not applicable since the Senate was not in session and the Governor’s authority to fill such a vacancy by appointment does not extend to a recess appointment.
This Court is bound by that decision of the Supreme Court, and accordingly the judgment appealed from is affirmed.
Affirmed.
LEMMON, J., concurs with written reasons.