BARHAM, Justice
(concurring in denial of writs).
Upon the death of Thomas S. Buckley, on August 7, 1973, a vacancy existed in the office of Clerk of the Civil District Court for the Parish of Orleans. The unexpired term of office extends until May of 1974. On August 8, 1973, the judges of the Civil District Court meeting en banc selected and appointed Joseph E. Rouillier as Clerk of Court “to serve until such vacancy is filled by election or appointment as provided by law”. Rouillier took the oath of office and began to exercise those duties. On September 13, 1973, the Governor issued to the plaintiff here a commission as Clerk of the Civil District Court, whereupon plaintiff took the oath and attempted to take the office. The defendant refused to surrender the office and plaintiff filed this suit.
Three sections of the Louisiana Constitution of 1921 are pertinent to a discussion of the issue. Article V, Section 12; Article VII, Section 69, subd. A(l); and Article VII, Section 93:
§ 12. Appointment of officers; recess appointments
Section 12. The Governor shall have the power to fill vacancies that may occur during the recess of the Senate, in cases not otherwise provided for in this Constitution, by granting commissions which shall expire at the end of the next session; but no person who has been nominated for office and rejected shall be appointed to the same office during the recess of the Senate. The failure of the Governor to send to the Senate the name of any person appointed to office, as herein provided, shall be equivalent to a rejection.
§ 69. Vacancies; appointments; special elections; notices
[Section 69] A. Subject to the provisions of Paragraph C:
(1) Vacancies in the office of judge of a district, juvenile, family parish or city court, district attorney, sheriff, assessor, clerk of a district court and registrar of conveyances, recorder of mortgages and state tax collector in Orleans Parish shall be filled by appointment by the Governor, with the advice and consent of the senate.
*768 § 93. Vacancies; temporary filling by district judges
Section 93. Vacancies in the office of civil sheriff, clerk of. the Civil District Court, recorder of mortgages, and register of conveyances, shall be filled temporarily by the judges of the Civil District Court of the Parish of Orleans sitting en banc; vacancies in the office of the criminal sheriff, clerk of the Criminal District Court, clerk and constable of the city courts, shall be filled temporarily by the judges of the courts to which they are attached, and all of said appointees shall serve until such vacancies are filled by election or appointment, as provided by law.
Both the trial court and the court of appeal resolved the issues presented in favor of the defendant, relying upon State ex rel. Palfrey v. Judges of Criminal District Court of Parish of Orleans, 199 La. 232, 5 So.2d 756 (1942). The majority of the court of appeal felt that they were bound by the decision of the Supreme Court. One of the judges, in a concurrence, reasoned that the Palfrey case was erroneously decided, but felt constrained to follow the Louisiana Supreme Court pronouncement in that case. Otherwise, that judge would have found for the plaintiff.
I am of the opinion that the result reached by the majority of our Court here in holding that the defendant properly occupies the office is correct, but I am also of the opinion that Palfrey was an erroneous decision and should be overruled. I find other reasons for supporting the position of the defendant in this case.
The sources of Article V, Section 12, are Articles 71, 72 and 171 of the Louisiana Constitution of 1913. The sources of Article VII, Section 69, are Articles 109, 119 and 124 of the Louisiana Constitution of 1913. It is apparent, especially from a reading of Articles 71 and 72 of the Louisiana Constitution of 1913, that all appointments made by the Governor, whether by original appointment under the authority of the constitutional power granted to the executive department, or in order to fill vacancies, are made “by and with the advice and consent of the Senate”. That is qualified, however, by the statement in Article 72 which provides that when the Senate is in recess, the Governor shall have the power to fill the vacancies which shall expire at the end of the next session of the Legislature. The overriding consideration which must be kept in mind in reading all three articles which bear upon the question at hand, is the fact that generally all appointments for vacancies, whether appointed offices originally or elective offices originally, may be filled by appointment of the Governor. If the Senate is in session, consent must be obtained at the time of the appointment. If the Legislature is not in session, the Governor nevertheless makes the appointment and the Senate confirms. The Palfrey case was wrong in holding that an appointment made when the Legislature was not in session, without the advice and consent of the Legislature, was void. The appointment during recess can be made by the Governor, subject to the approval or disapproval of the Senate, during its next session.
Even considering that Palfrey is in error, however, I am of the opinion that the majority is correct in denying the relator’s writ. Article VII, Section 69, subd. A(l), which provides for the appointment by the Governor, with the advice and consent of the Senate, of a clerk of a district court, does not control the filling of vacancies in the office of the Clerk of the Civil District Court of the Parish of Orleans. It would not have controlled the appointment of the criminal sheriff in the Palfrey case, either.
Article VII, Section 93, is a living provision of the Constitution. It has reference to the filling of vacancies in such offices in the Parish of Orleans. It provides that vacancies in the office of the Clerk of the Civil District Court shall be filled temporarily by the judges of that court. Vacancies in the office of Clerk of the *769 Criminal District Court shall be filled by The appointees the judges of that court, in either situation serve until the vacancies are filled by election or by appointment as provided by law. Two of the vacancies which the Constitution formerly provided were to be filled by appointment of the Civil District Court for the Parish of Orleans, that is, the recorder of mortgages and registrar of conveyances, are now included in Articles VII, Section 69, subd. A(l), which provides that the Governor may appoint these officers, along with others, with the advice and consent of the Senate. It is obvious then that any temporary appointment by the Civil District Court to those two offices would have to give way to a subsequent appointment by the Governor of the State. However, vacancies in the other offices in Article VII, Section 93, are controlled entirely by the appointment from the various courts listed, and court appointees to offices serve, at the present time, until the election called for the filling of the vacancy. A subsequent appointment by the Governor is of no effect, because the appointive power rests solely within the courts. Although revised Article VII, Section 69, subd. A(l), attempts to include more offices than before it, is not an all inclusive provision covering every office in which a vacancy occurs.
Reading Article V, Section 12, Article VII, Section 69, subd. A(l), and Article VII, Section 93, in pari materia, and considering the purposes which they serve in light of their historical evolvement, I am of the opinion that State ex rel. Palfrey vs. Judges of the Criminal District Court of Parish of Orleans should be overruled. I am also of the opinion that the appointment by the Civil District Court of a Clerk of the Civil District Court for the Parish of Orleans fills that vacancy until it is filled by the election held for that office. “District Court” in Article VII, Section 69, subd. A(l), does not include “Civil District Court” or “Criminal District Court” in Ar-tide VII, Section 93. A district court in areas other than Orleans Parish exercises an entirely different jurisdiction than do the Civil District Court and the Criminal District Court for the Parish of Orleans. The constitutional provisions generally applicable to district courts throughout the state must give way to special provisions applicable to the Civil and Criminal District Courts of Orleans.