569 So.2d 633 (1990)
Paul BRUSCATO, Jr., Plaintiff-Appellant,
v.
CENTURY READY MIX CORPORATION, et al. Defendant-Appellee.
No. 21,875-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1990.
James L. Braddock, Monroe, for appellant.
*634 Teresa C. Leyva, New Orleans, for appellee.
Before MARVIN and HIGHTOWER, JJ., and LOWE, J. Pro Tem.
CECIL C. LOWE, Judge Pro Tem.
Paul Bruscato, Jr. filed suit against his employer, Century Ready Mix Corporation and its insurer, CIGNA Insurance Company (later stipulated to be Insurance Company of North America, which was informally substituted) for worker's compensation benefits, claiming an increase in weekly benefits from $147.75 to $162.67 as the correct amount of his average weekly wage based upon 40 hours per week, for medical expenses associated with his disability, for costs of a reclining chair prescribed by Bruscato's physician and for attorney's fees, penalties and costs.
Trial commenced on June 26, 1989, after which the record was held open to receive the post-trial deposition of Dr. Louis Gavioli, Bruscato's attending physician, regarding his current condition, and post-trial memoranda. The Court then took the case under advisement.
On August 28, 1989, Written Reasons for Judgment were filed, granting all of Bruscato's demands.
On September 2, 1989, formal Judgment was signed and filed. However, the Judgment omitted mention of the award of the cost of the reclining chair, not to exceed $500.00, an omission not noticed by Bruscato's counsel until after the new trial delays had elapsed, although counsel for both parties approved the form of the judgment. Century and INA have refused to provide the chair.
Bruscato appeals and seeks substantive amendment of the judgment to include the costs of the reclining chair, not to exceed $500.00.
Defendants have neither appealed, answered or filed a brief.

LAW
La.C.C.P. Art. 1951 provides that a final judgment may be amended by a trial court at any time, with or without notice, on its own motion or on motion of any party to alter phraseology of a judgment, but not its substance, or to correct errors of calculation.
Amendment by the trial court of its judgment to cast defendants for the costs of the reclining chair clearly would result in a substantive amendment, because it "directly affect[s] the rights of the parties." Edwin M. Jones Oil Company, Inc., v. Cobb, 469 So.2d 357 (La.App. 2d Cir.), writ denied, 478 So.2d 907 (1985). The trial court is without the power to make such an amendment.
However, mistakes can and do occur. When one does and a substantive amendment is needed, the proper recourse is timely application for a new trial or a timely appeal. Villaume v. Villaume, 363 So.2d 448 (La.1978); Hebert v. Hebert, 351 So.2d 1199 (La.1977); Edwin M. Jones, supra; Borg-Warner Acceptance Corp. v. Whitlow Truck Center, Inc., 508 So.2d 857 (La.App. 5th Cir.1987). The record in the case sub judice reveals that the district judge awarded the cost of the prescribed reclining chair to Bruscato in his written Reasons for Judgment. Under such circumstances, the judgment will be amended to include the award. Similarly, the judgment will be amended to include additional attorney fees necessitated by this appeal. Frazier v. Conagra, Inc., 552 So.2d 536 (La.App. 2d Cir.1989), writ denied, 559 So.2d 124 (1990); Simmons v. Ford, Bacon and Davis Construction Corp., 506 So.2d 1300 (La.App. 2d Cir.1987).

DECREE
The judgment of the trial court is amended to add and award the cost of the prescribed reclining chair, not to exceed Five Hundred Dollars ($500.00) in favor of Paul Bruscato, Jr. and against the appellees, Century Ready-Mix Corporation and its insurer, Insurance Company of North America. The judgment is amended to increase the attorney fees by Seven Hundred Fifty Dollars ($750.00) to Two Thousand Seven Hundred Fifty Dollars ($2,750.00) in favor of Paul Bruscato, Jr. and against Century *635 Ready-Mix Corporation and its insurer, Insurance Company of North America. As amended, the judgment is affirmed. Costs of the appeal are assessed against the appellees.