603 So.2d 761 (1992)
Jerry WEBSTER
v.
BOH BROTHERS CONSTRUCTION CO., INC.
No. 92-CA-0122.
Court of Appeal of Louisiana, Fourth Circuit.
June 18, 1992.
Rehearing Denied September 17, 1992.
*762 Richard A. Tonry, Michael C. Ginart, Jr., Law Office of Tonry and Ginart, Chalmette, for plaintiff/appellant.
Joseph F. Clark, Jr., Margaret Diamond, McGlinchey, Stafford, Cellini & Lang, New Orleans, for defendants/appellees.
Before BARRY, KLEES and PLOTKIN, JJ.
PLOTKIN, Judge.
Plaintiff Jerry Webster appeals a trial court judgment denying his motion to nullify an amended judgment which was granted on the ex parte motion of defendant Boh Brothers Construction Co. We reverse.
Facts
Webster filed a workers' compensation action against his employer Boh Brothers on April 4, 1986, seeking compensation for injuries sustained to his back during the course and scope of his employment. On August 29, 1988, the trial judge signed a judgment based on a joint petition to compromise the plaintiff's workers' compensation claim. The judgment provided, in pertinent part, as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the compromise agreement incorporated in the foregoing Joint Petition be and the same is hereby approved and judgment rendered in favor of Jerry Webster and against Boh Brothers Construction Company, Inc. and National Union Fire Insurance Company and the American International Group in the full and true sum of Forty Five Thousand Dollars ($45,000) payable in a lump sum and ongoing temporary total disability bimonthly payments of Three *763 Hundred Fifty Seven Dollars and Thirty Cents ($357.30).
(Emphasis added.) On the same day the compromise judgment was signed, Webster signed a "Receipt, Release and Indemnity Agreement," which stated that the consideration for the compromise was "Forty Five Thousand Dollars ($45,000) and ongoing temporary total disability bimonthly payments of Three Hundred Fifty Seven Dollars and Thirty Cents ($357.50)."
On December 20, 1989, defendant Boh Brothers filed an "Ex Parte Motion to Amend Judgment to Joint Petition To Compromise Worker's Compensation Claim," asking the trial judge to amend the original judgment to delete the award of bimonthly payments of $357.50. In its motion, Boh Brothers claimed that the parties intended that the bimonthly payments be made only until the judicially-approved settlement, at which time Boh Brothers would pay Webster a lump sum of $45,000 and discontinue the bimonthly payments. Boh Brothers stated that a "typographical error" in the original judgment stated otherwise. The motion also represented that the plaintiff's attorney agreed that the provision for bimonthly payments was incorrectly included in the original judgment. The trial judge signed the ex parte judgment the same day it was filed, December 20, 1989.
On June 15, 1990, the plaintiff filed a "Motion to Enforce Judgment and Rule for Contempt." Then, on July 6, 1990, Webster filed a "Motion to Nullify Amended Judgment," claiming that the ex parte motion was signed in violation of La.C.C.P. art. 1951. Boh Brothers responded by filing a Motion to Nullify the original judgment. All motions were heard on April 19, 1991, when the trial court signed a judgment dismissing the plaintiff's motion to nullify the amended judgment. Webster appeals.
Amendment of Judgments
La.C.C.P. art. 1951, relative to amendment of judgments, provides as follows:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
However, trial judges lack the authority to make substantive amendments. Bruscato v. Century Ready Mix Corp., 569 So.2d 633, 634 (La.App.2d Cir.1990). They are prohibited from making substantive amendments to final judgments on their own motions or on motions of any party. Daughdrill v. Tenneco Oil, 529 So.2d 104, 105 (La.App. 4th Cir.1988). Only three avenues are available to a party seeking to alter the substance of a final judgment: (1) timely application for a new trial, (2) petition for nullity, and (3) timely appeal. Bonaventure v. Pourciau, 577 So.2d 742, 745 (La.App. 1st Cir.1991). Substantive amendments are thus invalid since they are made outside a trial judge's statutory authority. Creel v. Bogalusa Community Medical Center, 580 So.2d 551, 552 (La.App. 1st Cir.), writ denied 585 So.2d 567 (La.1991). Thus, the trial court improperly amended the original judgment in this case.
"Motion" for Nullity
The plaintiff in this case filed a "Motion for Nullity," requesting the trial judge to annul the improper amended judgment. That motion was denied by the trial judge without written reasons.
La.C.C.P. arts. 2001-2006 provide for an "Action of Nullity," allowing parties to file a direct action to nullify a prior incorrect judgment. However, the plaintiff in the instant case improperly filed a "Motion for Nullity," a procedural device which does not exist under Louisiana law.
The jurisprudence in this state clearly distinguishes between the procedural requirements for seeking annulment of an absolute nullity, as opposed to the requirements for seeking annulment of a relative nullity. A separate, direct action for nullity under La.C.C.P. arts. 2001-2006 is necessary only when the complained-of judgment is a relative nullity because of "fraud or ill practice," based on La.C.C.P. art. 2004. Ledford v. Pipes, 507 So.2d 9, 11 (La.App.2d Cir.1987). However, "[a]n *764 absolute nullity may be asserted by any person with interest in a collateral proceeding at any time and before any court, without resort to an action of nullity." Id. at 10-11. Absolutely null judgments include those which include "defects patent on the face of the proceedings leading up to [them.]" Garnett v. Ancar, 203 So.2d 812 (La.App. 4th Cir.1967).
In the instant case, the trial court signed an amended judgment on an ex parte motion from one of the parties; that amended judgment made a substantive change in the original judgment in violation of the express provisions of La.C.C.P. art. 1951 and the jurisprudence interpreting that article. Thus, the amended judgment is an absolute nullity because it included "defects patent on the face of the proceedings." For that reason, the plaintiff was not required to bring a separate, direct action for nullity in order to have the nullity of the judgment recognized. The fact that the plaintiff incorrectly filed a "Motion for Nullity," rather than a "Petition for Nullity" thus should not control the outcome of the case. Under the circumstances, the trial judge incorrectly denied the plaintiff's motion for nullity. The plaintiff was entitled to recognition of the fact that the amended judgment was absolutely null even though he failed to file a separate, direct Petition for Nullity.
Accordingly, the judgment of the trial court is reversed, the amended judgment is annulled, and the original judgment is reinstated. All costs of this appeal are assessed to the defendant/appellee.
REVERSED.

ON REHEARING
By application for rehearing, defendant Boh Brothers claims that this court's opinion forces it to pay workers' compensation benefits to which the plaintiff is not entitled in derogation of express statutory provisions of the Workers' Compensation statutes. Boh Brothers claims that special rules apply to amendment of workers' compensation judgments and that this court should have affirmed the trial court's decision to amend the original judgment on motion of only one of the parties, despite the fact the amendment changed the substance of the original judgment.
However, the law in this state is clear that trial judges have no authority to make substantive amendments to judgments in the absence of the consent of both parties. La.C.C.P. art. 1951. As we stated, a party seeking to alter the substance of a final judgment must either make a timely application for a new trial, file a timely appeal, or file a petition for nullity. We decline to follow the opinions cited by Boh Brothers which seem to allow trial judges to make substantial changes in the absence of compliance with those procedural requirements.
Our original opinion simply nullified the trial court's ex parte substantive amendment of the judgment. Our opinion does not affect Boh Brothers' option to attack the original judgment through any of the procedural devices recognized by law.