GUIDRY, Judge.
In this worker’s compensation case, defendant, St. Martinville Premium Seafood, appeals a judgment of the Office of Worker’s Compensation which was amended ex parte by the hearing officer one month after rendition of the original judgment.

FACTS

On March 31, 1992, plaintiff, Ella Flu-gence, was injured in a slip and fall in the course and scope of her employment at St. Martinville Premium Seafood. A claim for compensation petition was filed with the Office of Worker’s Compensation (OWC) on May 27, 1992 and citation was served on defendant on June 22, 1992. Plaintiff filed a motion for preliminary default July 8, 1992 and on July 13, 1992, the preliminary default was granted with August 7,1992 being set as the date to confirm the default judgment. Evidence confirming the preliminary default was taken as ordered, the case taken under advisement, and on October 8, 1992, a judgment confirming the preliminary default and ordering payment of worker’s compensation for a certain period was rendered and signed. There was no further action in the case until the OWC hearing officer, on November 9, 1992, issued ex proprio motu, an amended judgment.
Defendant timely appealed seeking to have the amended judgment annulled or, in the alternative, a recalculation of plaintiffs weekly wage and the benefits due. We find merit in appellant’s contention urging invalidity of the judgment.

LAW

The judgment of the OWC hearing officer rendered and signed October 8, 1992 states in pertinent part:
IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that the defendant pay to claimant temporary, total disability benefits in the amount of ONE HUNDRED TWENTY-THREE AND 73/100 ($123.73) DOLLARS from March 31, 1992 to April 8, 1992, plus a twelve (12%) percent penalty on the past due benefit from date of this judgment until paid. (Emphasis ours)
The amended judgment, rendered and signed November 9, 1992, changed the above provision to read as follows:
IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that the defendant pay to claimant temporary, total disability benefits in the amount of ONE HUNDRED TWENTY-THREE AND 73/100 ($123.73) DOLLARS per week from March 31, 1992 to the date claimant is able to engage in gainful occupation for wages or self-employment, plus a twelve (12%) percent penalty on the past due benefit from date of this judgment until paid. (Emphasis ours)
In Webster v. Boh Brothers Construction Co., Inc., 603 So.2d 761 (La.App. 4th Cir. 1992), our brethren of the Fourth Circuit, in addressing the identical issue raised herein, stated the following:

Amendment of Judgments

La.C.C.P. art. 1951, relative to amendment of judgments, provides as follows:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
However, trial judges lack the authority to make substantive amendments. Bruscato v. Century Ready Mix Corp., 569 So.2d 633, 634 (La.App. 2d Cir.1990). They are prohibited from making substantive amendments to final judgments on their own motions or on motions of any party. Daughdrill v. Tenneco Oil, 529 So.2d 104, 105 (La.App. 4th Cir.1988). Only three avenues are available to a party seeking to alter the substance of a final judgment: (1) timely application for a new *495 trial, (2) petition for nullity, and (3) timely appeal. Bonaventure v. Pourciau, 577 So.2d 742, 745 (La.App. 1st Cir.1991). Substantive amendments are thus invalid since they are made outside a trial judge’s statutory authority. Creel v. Bogalusa Community Medical Center, 580 So.2d 551, 552 (La.App. 1st Cir.), writ denied 585 So.2d 567 (La.1991).
See also McLemore v. Fox, 609 So.2d 1209 (La.App. 3rd Cir.1992) and cases cited therein.
Clearly, the amended judgment substantially changed the original judgment and materially affected the parties. Thus, this was an improper amendment of the original judgment and said judgment is null and must be set aside.
Accordingly, for the reasons stated above, the amended judgment is annulled and the original judgment is reinstated.
REVERSED AND RENDERED.