JiSCHOTT, Chief Judge.
This ease arose out of an automobile accident which occurred on the westbound side of the Airline Highway near Little Farms Avenue. The case was tried to a jury, and, pursuant to LSA-C.C.P. art. 1813, the court submitted written interrogatories to the jury. The answers were inconsistent, but the trial court failed to comply with art. 1813(E). Instead the trial court dismissed plaintiffs’ suit. We make a de novo review of the record pursuant to Ferrell v. Fireman’s Fund Ins. Co., 650 So.2d 742, 94-1252 (La.2/20/95), and render judgment in plaintiffs’ favor.
Plaintiff, Pamela Gremillion, was the only witness of the accident to testify. She was driving her passenger van in the right, westbound lane at about 9:00 P.M. when she was forced off the road by an automobile driven by Jose Maruri and insured by Nationwide Insurance Company. She stated that she was proceeding within the speed limit when she saw a large vehicle cross the highway from the north side. It cleared her lane but came to a stop while partially blocking the left lane. Maruri was trying to pass her but he could not, and he pulled into her lane forcing her to enter the shoulder. She *494 tried to stop but slid into a car which was parked and abandoned on the shoulder.
Under her uncontradicted version of the accident she was without fault. |2Had it not been for Maruri’s conduct she would have continued along her way, straight ahead, and there would have been no accident. In its brief Nationwide argues that Maruri was forced to change lanes because of the phantom vehicle, but there is no evidence in the record to support this. We have no testimony from Maruri or anyone else to explain why he could not avoid this accident. It was his burden to show his own lack of negligence or negligence on the part of plaintiff. His absence was unexplained and fatal to his ease. Consequently, plaintiff is entitled to a judgment against Nationwide as Maruri’s insurer.
At this juncture we explain why the judgment of the trial court may be disregarded. In the first four interrogatories submitted to the jury they were first asked whether Maruri was at fault to which they replied yes. Then they were asked whether Maru-ri’s fault was a cause of plaintiffs’ injuries, was the driver of the abandoned vehicle at fault, and was his fault a cause of plaintiffs’ injuries. They answered no to these three questions. The verdict form instructed them to continue answering the remaining interrogatories only if they answered yes to the first and second questions or yes to the third and fourth questions, but to conclude and return to court otherwise. The jury failed to follow these instructions. Even though they answered yes only to the first question and no to the other three they continued on with the remaining interrogatories. They found that Maruri and plaintiff were each fifty percent at fault, they awarded Pamela Gremil-lion $9,000, and they awarded her husband, Steve, nothing for loss of consortium.
The answer finding that Maruri’s fault was not a cause of plaintiffs injuries is wholly inconsistent with an award in her favor against Maruri. C.C.P. art. 1813(E) required the trial court either to return the jury for further consideration of its answers or to order a new trial. This article specifically provides that the court shall not direct the entry of a judgment under these Ucircumstances. Nevertheless, the trial court rendered judgment dismissing plaintiffs’ suit in its entirety. The court reasoned that the first four answers were not inconsistent so that the answers to the remaining questions were irrelevant. We disagree with that rationale and find that the trial court erred in failing to follow the procedure mandated by art. 1813(E).
The case is in the same posture as in Ferrell, supra, where the court held at page 747 that under these circumstances the manifest error standard is inapplicable and the court of appeal is to make an independent de novo review of record and render a judgment thereon. Having done so we have found that plaintiffs are entitled to be compensated by Nationwide for their proved damages.
Pamela Gremillion had been injured in a previous accident in May 1990. Her injuries included a herniated disc at C6-7. She had not recovered from this injury when she had the present accident on July 8, 1991. Her principal injury in the present accident was a shoulder injury which her family physician diagnosed as a ligamentous injury and possible tendonitis. He also found an aggravation of her cervical injury.
An orthopedist, Dr. Murphy, who treated her after both accidents found that the second accident was not a major factor in her neck problem. He thought her shoulder injury was mild and was unrelated to the cervical disc problem.
Plaintiff saw another orthopedist, Dr. Whi-tecloud, who could not tell if the second accident aggravated her condition, but he thought her shoulder problem was related to the cervical disc.
The medical evidence is conflicting and inconclusive. Plaintiff failed to prove that her injuries and the medical treatment received after the present accident were a result of this accident and not just on-going treatment for the Upossible herniated disc. She further failed to prove that future medical treatment is necessary and that it stems from the present accident as opposed to the previous one. We have concluded that plaintiff failed to prove by a preponderance of the *495 evidence that the present accident was the cause of most of her problems.
With respect to lost wages, plaintiff testified that she did not work after the first accident and was not working at the time of the present accident. Approximately two months after the present accident, she. began work as a substitute teacher. Four months after the accident, Dr. Madrigal released her to return to work in a letter dated January 6, 1992. She also attempted to return to a former job but could not handle the physical load of lifting boxes and bending. Instead, she went to school and retrained to work as a X-ray technician and is awaiting her national board test results. She works part time at a base pay of $12.00 per hour earning more than the $5.00 an hour earned prior to the first accident. Plaintiff did not prove any lost earnings as a result of the present accident.
We have concluded that a judgment of $10,000 would fairly compensate plaintiff for her injuries in this accident. We have also concluded that her husband failed to prove any damages for loss of consortium.
Accordingly, that portion of the judgment dismissing Pamela Gremillion’s claim is reversed and set aside and there is judgment in her favor and against defendant, Nationwide Mutual Insurance Company, for $10,000 with legal interest from date of judicial demand until paid and all costs of these proceedings. In all other respects the judgment appealed from is affirmed.

DISMISSAL OF HUSBAND’S SUIT AND HER SUIT AGAINST STATE FARM ARE AFFIRMED; REVERSED IN PART; AND RENDERED.