884 So.2d 596 (2004)
Carla B. DUCOMBS and Timothy J. Beckel
v.
NOBEL INSURANCE COMPANY, Crystal L. Turner and Atlanta Specialty Insurance Company.
No. 2003-CA-1704.
Court of Appeal of Louisiana, Fourth Circuit.
July 21, 2004.
Opinion Granting Rehearing October 29, 2004.
*598 A. Scott Tillery, Tillery & Tillery, Chalmette, LA, for Plaintiff/Appellee.
Robert L. Walsh, Conrad Meyer V., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge TERRI F. LOVE, Judge EDWIN A. LOMBARD).
TERRI F. LOVE, Judge.
This personal injury suit arises out of a motor vehicle accident involving Ms. Crystal Turner and Mrs. Carla Ducombs resulting in injury to Mrs. Ducombs. After a bench trial on the merits, the trial court found Mrs. Ducombs 45% at fault and Ms. Turner 55% at fault. Subsequently, Ms. Turner lodged this appeal. The appellant, Ms. Turner, assails the trial court erroneously apportioned fault, Mrs. Ducombs failed to prove injuries, and the amended judgment was substantive, thus improper.

FACTS AND PROCEDURAL HISTORY
On April 10, 2000, the appellant, Crystal Turner, was operating a Toyota Camry eastbound on La Hwy. 46 in the inside left-hand lane. La. Hwy. 46 is a divided four-lane highway separated by a flat, grassy median. The appellee, Mrs. Carla Ducombs was stationary in a Ford Bronco at the intersection of Guillot Street and La. Hwy. 46 with her son, Timothy Becknel. The remaining facts are in dispute.
Mrs. Ducombs testified she looked left, saw no oncoming cars and proceeded to turn right onto the inside left-hand lane of La. Hwy. 46. She did note the existence of a curve and the fire chief's truck, but nothing blocked her view. Mrs. Ducombs further testified she had completed the turn, traveled a short distance at 45 miles per hour when Ms. Turner crashed into the passenger side corner of the rear bumper. The force of the collision caused Mrs. Ducombs' car to flip multiple times.
Mrs. Ducomb's son, Mr. Becknel, corroborated her testimony testifying they were traveling at 35 miles per hour and they had traveled 100 feet or more prior to impact. Mr. Becknel further testified that Ms. Turner veered off the side of the road, returned to the asphalt and collided with Mrs. Ducombs. After they came to rest, Ms. Turner struck Mrs. Ducombs a second time.
Ms. Turner testified she noticed the fire chief's truck as she traversed La. Hwy. 46 at the posted speed limit of 55 miles per hour. She was attentive and alert when she observed Mrs. Ducombs enter the highway one or two car lengths before her. Ms. Turner assumed Mrs. Ducombs would travel in the right-hand lane, but Mrs. Ducombs continued into the left lane. Ms. Turner immediately applied her brakes and attempted to change into the right hand lane to avoid a collision. Ms. Turner immediately lost control of her vehicle and rear-ended Mrs. Ducombs.
In addition to liability being an issue, Mrs. Ducombs' injuries are in dispute. Previous to the aforementioned accident, Mrs. Ducombs testified that she had injured her back and knee. She has also noted numerous incidents of her legs giving out. On the day of the accident, the paramedic noted a bleeding gash on her left knee. Subsequently, Mrs. Ducombs presented to her orthopedist, Dr. *599 Diaz, that she injured her shoulder, back, knee, and jaw. Mrs. Ducombs testified that a jabbing pain persists in her left knee and she continuously experiences back pain. There is no testimony of shoulder or jaw pain after her initial consultation.
Dr. Diaz, Mrs. Ducombs' orthopedist, testified she presented after the accident complaining of lower back pain, right calf pain, left knee pain, and jaw pain. He opined the accident aggravated her back injury causing Mrs. Ducombs to experience recurring back pain. Dr. Diaz testified the trauma to her left knee aggravated a form of arthritis treated with a series of injections. He further testified Mrs. Ducombs will require knee surgery in the future. Dr. Diaz offered no testimony regarding her shoulder or jaw injury.
After a bench trial on the merits, the trial court found Ms. Turner was 55% at fault and Mrs. Ducombs was 45% at fault issuing a judgment in favor of Mrs. Ducombs, awarding general damages in the amount of $19,000.00, special damages in the amount of $9,000.00, and a credit for payment by Nobel Insurance for settlement with Mrs. Ducombs in the amount of $10,000.00. The plaintiff filed a Motion for New Trial and/or For Amendment/Clarification of the Judgment because the original judgment did not specify an amount of judgment rendered against Atlanta Specialty Insurance Company. After a contradictory hearing, the trial court issued an amended judgment increasing Mrs. Ducombs general damages to $27,200.00. The defendant subsequently lodged this appeal.

LAW AND DISCUSSION
Ms. Turner asserts three assignments of error. First, Ms. Turner argues the trial court erred in finding her liable in light of the overwhelming evidence showing she is free from fault. Second, Ms. Turner contends the trial court erred in awarding damages to Mrs. Ducombs for injuries allegedly caused by the accident. And finally, the appellant asserts the trial court erred by amending its original judgment.

FIRST ASSIGNMENT OF ERROR
The defendant, Ms. Turner, argues the trial court erred in finding she was 55% at fault for colliding with Mrs. Ducombs because Mrs. Ducombs failed to look for oncoming traffic and failed to yield. The defendant contends Mrs. Ducombs is presumed to be at fault citing La. R.S. 32:124 because she entered the highway from a private drive. The defendant asserts Mrs. Ducombs did not provide the trial court with any evidence that Ms. Turner was speeding and the plaintiff created an emergency situation by failing to look and yield to oncoming traffic.
Apportionment of fault is a question of fact, subject to the manifest error/clearly wrong standard of review. Sims v. State Farm Auto Ins. Co., 98-1613, p. 2 (La.3/2/99), 731 So.2d 197, 199. In reviewing allocation of fault, the Louisiana Supreme Court in Clement v. Frey, 95-1119, p. 7 (La.1/16/96), 666 So.2d 607, 610-611, explained, "there is an analogy between excessive or inadequate quantum determinations and excessive or inadequate fault percentage determinations. In both, the trier of fact, unlike the appellate court has had the benefit of witnessing the entire trial and of reviewing first hand all the evidence." Id. To reverse a factfinder's factual determinations, the court of appeal must find (1) that a reasonable factual basis does not exist on the record; and (2) that the record establishes that the finding is manifestly erroneous or clearly wrong. Cormier v. Comeaux, 98-2378, p. 5 (La.7/7/99), 748 So.2d 1123, 1127. Thus, we must determine whether the trial court in the present case was clearly wrong or *600 manifestly erroneous in the allocation of fault between the parties.
Ms. Turner proposes three arguments to support the contention that she was without fault. First, Mrs. Ducombs is presumed to be at fault because she violated La. R.S. 32:124[1] which states in pertinent part, "The driver of a vehicle about to enter or cross a highway from a private road, ... shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard." In support of this argument the defendant cites Daniels v. Burridge, XXXX-XXXX (La.App. 4 Cir. 3/21/01), 785 So.2d 906. La. R.S. 32:124 and Daniels address drivers who exit a private road, driveway, alley, or building. In the case at bar, the defendant was exiting from a public street, therefore the statute does not apply.
Second, Ms. Turner also contends Mrs. Ducombs did not provide any evidence that she was speeding. The posted speed limit was 55 miles per hour. There is conflicting testimony as to whether Ms. Turner was traveling at an excessive speed. Mrs. Ducombs and Mr. Becknel both stated Ms. Turner was traveling 60-65 miles per hour. Ms. Turner testified she never drives over the speed limit, therefore she was traveling 55 miles per hour. Ms. Turner was unable to control her vehicle as she attempted to change lanes. The trial judge had the benefit of witnessing the entire trial and of reviewing first hand all of the evidence. It is reasonable for him to conclude Ms. Turner was speeding from the evidence presented.
Finally, Ms. Turner claims Mrs. Ducombs created an emergency situation when she failed to yield to oncoming traffic, thereby absolving Ms. Turner from liability. The sudden emergency doctrine states,
One who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence. Hickman v. Southern Pacific Transport Co., 262 so.2d[So.2d] 385, 388 (La.1972)[.]
We have refused to apply the sudden emergency doctrine where the party asserting the doctrine was also negligent. Clement v. Griffin, 91-1664 (La.App. 4 Cir. 3/3/94), 634 So.2d 412, 439. We reasoned the asserter would still be responsible for its negligence; therefore we failed to extend the sudden emergency doctrine to him. See, Wiley v. Safeway Insurance Co., 99-161 (La.App. 3 Cir. 7/14/99), 745 So.2d 636. (The Third Circuit reasoned to apply this doctrine the defendant must prove the emergency was not caused by his own negligence). In the facts before us, Ms. Turner has not proven the emergency was not caused by her speeding or failure to yield. We cannot extend the sudden emergency doctrine to Ms. Turner.
We have reviewed the record and find no manifest error by the judge in determining that Ms. Turner was 55% at fault *601 and Ms. Ducombs was 45% at fault. Conflicting testimony exists as to whether Ms. Turner was speeding. Ms. Turner lost control of her vehicle after Mrs. Ducombs completed her turn into the left lane of traffic. Both parties testified they were unable to see the other until after the turn was completed. It is reasonable the trial court concluded both parties were at fault and apportioned accordingly.

SECOND ASSIGNMENT OF ERROR
The defendant argues the trial court erred in awarding damages to Mrs. Ducombs for injuries allegedly caused by the accident. Specifically, the plaintiff did not prove the severity, duration, or extent of alleged injuries to her back, shoulder, teeth, or knee. The plaintiff, Mrs. Ducombs, contends she proved by a preponderance of the evidence that she suffered multiple injuries in the accident by the introduction of medical records and oral testimony of herself, her husband, and Dr. Diaz.
The Louisiana Supreme Court in Maranto v. Goodyear Tire & Rubber Co., 94-2603, p. 3 (La.2/20/95), 650 So.2d 757, 759 set out the burden of proving causation in personal injury cases. The Maranto court stated, "In a personal injury suit, plaintiff bears the burden of proving a causal relationship between the injury sustained and the accident which caused the injury." Causation must be proven by a preponderance of the evidence through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident. Id.
In plaintiff's case in chief, Ms. Ducombs testified she injured her left knee, shoulder, back, and jaw in the accident in question. Mrs. Ducombs supplied witnesses and admitted medical records to support her injuries. Mrs. Ducombs testified she aggravated the injury to her back and injured her left knee. She did not testify regarding any injury to her shoulder. When questioned regarding her jaw, she was unsure of whether the accident caused the pain and removal of her wisdom teeth. Mr. Ducombs testified to his wife's pain and suffering, specifically to her aggravated back injury and her knee injury.
Dr. Diaz was offered as an expert in orthopedics and has treated Mrs. Ducombs for past back injuries. Dr. Diaz testified the aforementioned car accident aggravated Mrs. Ducombs' previous back injuries. She received a gash on her left knee during the car accident noted in the paramedic's report. A year after the accident, Mrs. Ducombs complained again she had left knee pain and occasional swelling to Dr. Diaz. He opined the symptoms listed were consistent with the left knee striking the dashboard. Ultimately, Dr. Diaz diagnosed Mrs. Ducombs with a degenerative joint disease that was aggravated or made symptomatic by a direct blow to her left knee striking the dashboard in the car accident. She was treated by injections and finally had an MRI confirming Dr. Diaz suspicions; Mrs. Ducombs had a degenerative joint disease that would require surgery in the future. To accompany surgery, he testified her regimen will include medication and physical therapy. Ms. Turner provided no evidence to refute Dr. Diaz.
We find Mrs. Ducombs did establish a causal connection between the motor vehicle accident and injuries to her back and left knee through testimony and medical record. The award for damages was reasonable and consistent with her injuries.

THIRD ASSIGNMENT OF ERROR
Ms. Turner argues the trial court erred by amending its original judgment of February 25, 2003 in violation of La. C.C.P. art. 1951. It prohibits a trial judge's alteration of the substance of a *602 final judgment. Mrs. Ducombs contends the trial court can change its judgment substantively by a timely motion for new trial under La. C.C.P. arts. 1971 and 1951.
A trial judge lacks the authority to make substantive amendments to judgments. Webster v. Boh Bros. Const. Co., Inc., 603 So.2d 761 (La.App. 4th Cir.1992). The proper vehicle for a substantive change in a judgment is the timely motion for new trial, timely appeal or petition or action for nullity. Id. This court upheld an amended judgment changing a damages award in Saacks v. Mohawk Carpet Corp., XXXX-XXXX, p. 24 (La.App. 4 Cir. 8/20/03), 855 So.2d 359, 375. We held because the plaintiff filed a motion for new trial, a contradictory hearing was held, and the trial court granted the new trial, as well as the motion to amend the judgment; the trial court did not err in amending the calculation of the wages owed to the plaintiff even if the amendment was considered to be a substantive change. Id. See also, Francis v. Lafon Nursing Home of the Holy Family, XXXX-XXXX (La.App. 4 Cir. 3/19/03), 840 So.2d 1281.
In the case sub judice, the trial court issued a judgment on February 25, 2003. Mrs. Ducombs filed a timely Motion for New Trial and/or Amendment of Judgment. Briefs were filed in support and opposition to the Motion for New Trial and/or Amendment of Judgment and a contradictory hearing held. The trial court issued an amended judgment on March 28, 2003. There is no indication in the amended judgment that the court granted a new trial, therefore the trial court erred by failing to grant the motion for new trial.
We held in Webster, where the trial court does not follow one of the three prescribed methods for making a substantive amendment to a judgment, the amendment judgment is an absolute nullity. Francis v. Lafon Nursing Home of the Holy Family, XXXX-XXXX (La.App. 4 Cir. 3/19/03), 840 So.2d 1281. When this Court notices such an absolute nullity, we must vacate it on our own motion. Accordingly, we must vacate the amended judgment of March 28, 2003, and reinstate the judgment rendered on February 25, 2003.
Under La. C.C.P. art. 2164, the appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The record reflects the trial court was manifestly erroneous in evaluating the quantum for aggravated back and knee pain. The evidence reveals the lowest award which was reasonably within the trial courts discretion was $27,200. See, Gremillion v. Derks, 96-0412 (La.App. 4 Cir. 11/18/96), 684 So.2d 492. (The Fourth Circuit awarded $10,000 for aggravated back pain), Pilet v. Schwegmann Giant Supermarkets, 559 So.2d 894 (La.App. 4th Cir.1990). (The Fourth Circuit awarded 17,000 for aggravated knee pain with subsequent surgery). Accordingly, we shall increase the general damage award to $27,200.00.

CONCLUSION
For the foregoing mentioned reasons, the trial court is affirmed in part, reversed in part, amended in part and rendered.
AFFIRMED IN PART, VACATED IN PART, AMENDED IN PART, AND RENDERED.
MURRAY, J., CONCURS AND ASSIGNS REASONS.
MURRAY, J., concurs and assigns reasons.
The plaintiff, Mrs. Ducombs, filed a "Motion for New Trial and/or Amendment of Judgment." Without expressly ruling on the motion for new trial, the trial court made a substantive amendment to the *603 judgment in violation of La. C.C.P. arts. 1951 and 1971. I agree with the majority's conclusion that the amended judgment is an absolute nullity.
Although the evidence in the record supports the substantive change made by the trial court, that court committed legal error by so amending the judgment without having granted the motion for new trial. I believe this court should correct that legal error by granting the motion for new trial and, upon review, rendering the same judgment that the trial court would have rendered. Accordingly, I respectfully concur in the result reached by the majority.
PER CURIAM.
We grant defendant's application for rehearing. Atlanta Specialty Insurance Company has filed an application for rehearing asserting six assignments of error committed by this Court. We find five assignments of error asserted by the defendant to be without merit. We address defendant, Atlanta Specialty Insurance Company's assertion that this Court misapplied La.R.S. 32:124, for clarification.
In interpreting La.R.S. 32:124, the black letter of the law refers specifically to vehicles entering or crossing a highway from a private road. La.R.S. 32:124. La.R.S. 32:124 provides:
"The driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building, shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway or driveway, and shall yield the right of way to any pedestrian as may be necessary to avoid collision, and shall yield the right of way to all approaching vehicles so close as to constitute immediate hazard."
The record establishes that Ducombs stopped her vehicle immediately prior to turning onto the highway, although there was no stop sign at the time of the incident. The record also establishes that Ducombs yielded the right of way to all approaching vehicles so close as to constitute an immediate hazard. Ducombs testified that while at a complete stop she looked to see "if anything was coming and nothing was blocking" her view. In Schexnayder v. Guillory, et al., 280 So.2d 239, 242 (La.App.4th Cir.1973), this Court held that after the unfavored driver has completed his turn (right or left) there comes a point (e.g., certainly, a mile down the road) at which the turn is causally unrelated to a rear-ending. In the present case the trial court ruled that defendant, Turner, was negligent in causing the accident, that plaintiff, Ducombs had comparative fault in the amount of 45%, and awarded damages.
We have reviewed the record and find no manifest error by the trial court in determining that Turner was 55% at fault and Ducombs was 45% at fault. The record establishes that both parties were unable to see the other until after the turn by Ducombs was completed. Irrespective of the misstatement that La.R.S. 32:124 was not applicable because the plaintiff Ducombs was exiting from a public street, our finding that it was reasonable for the trial court to conclude that both parties were at fault and apportioned accordingly is unaffected.
Defendant asserts in its sixth assignment of error that this court erred in modifying the general damage award rendered by the trial court on February 25, 2003. The Court of Appeal will review only issues which are submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise. Uniform Rules of Louisiana court of Appeal, Rule 1-3. Based on our finding *604 that the trial court erred by substantively amending the February 25, 2003 judgment without granting the motion for new trial, the March 28, 2003 amended judgment of $27,200 is an absolute nullity. Francis v. Lafon Nursing Home of Holy Family, XXXX-XXXX (La.App.4 Cir. 3/9/03), 840 So.2d 1281. Therefore, this Court vacated the trial court's March 28, 2003 amended judgment and reinstated the February 25, 2003 judgment rendered by the trial court.
Pursuant to La.C.C.P. art. 2164, which provides that the appellate court shall render any judgment which is just, legal and proper upon the record on appeal, we found that the trial court was manifestly erroneous in evaluating the quantum for plaintiff's general damages in the amount of $19,000, reflected in the February 25, 2003 reinstated judgment. Although the record establishes that the trial court attempted to correct this error by rendering an amended judgment in the amount of $27,200, the trial court's failure to grant the motion for new trial resulted in this Court vacating the March 28, 2003 amended judgment and reinstating the original judgment rendered February 25, 2003.
In the interest of justice and judicial economy, this Court assessed whether the trial court abused its discretion in the re-instated February judgment, awarding general damages to Ducombs in the amount of $19,000. With regard to the award of damages, there must be a showing that the trier of fact abused the great discretion accorded in awarding damages. Napolitano, et al. v. F.S.P., Inc., et al., XXXX-XXXX, p. 4 (La.App. 4 Cir. 9/05/01), 797 So.2d 111, 114. This Court held that the trial court was manifestly erroneous in rendering such an award for general damages based on the record before us; in light of pre-existing case law, and the facts of the case at bar. Therefore, the quantum was adjusted to reflect what was just.
Furthermore, defendant's assertion that this Court acted inconsistently by characterizing the quantum award as reasonable and simultaneously amending the award as unjust is mistaken. This Court's reference to the trial court's award for damages as "reasonable and consistent with the injuries" Ducombs suffered, was in relation to the March 28, 2003 amended judgment rendered by the trial court, which this Court was required to vacate as an absolute nullity, not to the February 5, 2003 judgment, which this Court amended.
We acknowledge that Louisiana Code of Civil Procedure does not give the appellate court the express authority to grant or deny motions for new trial, absent such a motion being joined, or alternatively prayed for, with a motion for a Judgment Notwithstanding the Verdict.
La.C.C.P. art. 2087 provides:
An order of appeal is premature if granted before the court disposes of all timely filed motions for new trial.... The order becomes effective upon the denial of such motions.
Therefore, we vacate our amended judgment in the amount of $27,200, reinstate the trial court's February 25, 2003 judgment in the amount of $19,000, and remand the case back to the trial court to dispose of the motion for new trial.

CONCLUSION
For the foregoing reasons, the majority opinion in Ducombs v. Turner et al., affirm in part, vacate in part, and remand this matter to the trial court to resolve the outstanding motion for new trial.
NOTES
[1] Vehicle entering highway from private road, driveway, alley or building

The driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building, shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway or driveway, and shall yield the right of way to any pedestrian as may be necessary to avoid collision, and shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard. LSA-R.S. 32:124.