# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-24

COREY LEWIS

VERSUS

TYRISSA HART

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 128700
HONORABLE KEITH R.J. COMEAUX, DISTRICT JUDGE

**********

## DAVID E. CHATELAIN*
## JUDGE

**********

Court composed of Shannon J. Gremillion, John E. Conery, and David E. Chatelain, Judges.

**Conery, J., concurs in the result.**

## WRIT GRANTED; JUDGMENT VACATED AND REMANDED.

---

*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Lucretia Pecantte**
**Attorney at Law**
**420 Iberia Street**
**P. O. Box 9010**
**New Iberia, LA 70562-9010**
**(337) 374-1202**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Corey Lewis**

**Irvin J. Celestine Jr.**
**Law Office of Irvin J. Celestine Jr., L.L.C.**
**214 E. Landry Street**
**P. O. Box 849**
**Opelousas, LA 70571**
**(337) 407-2898**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Tyrissa Hart**

**CHATELAIN, Judge.**

In this custody proceeding, Corey Lewis (the Father) appeals the trial court's judgment that denied his peremptory exception of res judicata and also annulled and vacated all previous custody orders and judgments rendered by the court. Tyrissa Hart (the Mother) in response, raises the issue of whether the trial court erred in fixing the Father's exception for hearing, and in ruling thereon prior to ruling on her motion for new trial. For the following reasons, we vacate the trial court's judgment and remand for a hearing on the Mother's new trial motion.

## FACTS AND PROCEDURAL HISTORY

All the issues herein revolve around the custody of T.A.L., born on July 11, 2016. The parents were never married to each other. On July 25, 2016, the Father filed suit against the Mother to establish custody and visitation. The next day, July 26, 2016, the trial court signed an order setting (1) the hearing officer conference for September 1, 2016, and (2) the Rule for Joint Custody on September 28, 2016, "if all issues are not resolved, and any objections thereto are file[d] timely[.]" Shortly thereafter, on August 2, 2016, the Father filed a Motion and Order to Amend and Supplement the Petition for Custody, along with a Temporary Custody Implementation Plan. By order dated that same day, the trial court granted the Father temporary custody of the infant.

After a continuance to allow the Mother to retain counsel, the hearing officer conference was held on September 12, 2016. On that date, the parties, along with their counsel, appeared before the hearing officer. Both parties and/or their attorneys spoke with the hearing officer and related what they expected the evidence at trial would show. The hearing officer rendered his written report that same day, recommending that the parties share joint custody, "with the Father designated as the domiciliary parent." Also on September 12, 2016, the Mother

filed her Answer and Reconventional Demand in which she sought custody of T.A.L.[1]

Pursuant to the Rules of Louisiana District Courts, the parties had five days in which to file with the clerk of court their written objections to the hearing officer's recommendations.[2] Prior to the lapse of that five-day delay, the Father, on September 16, 2016, filed a judgment to adopt the hearing officer's recommendations as the final judgment of the court, pursuant to La.R.S. 46:236.5(C)(7), which provides:

> If no written objection is filed with the clerk of court within the time and manner established, the order shall become a final judgment of the court and shall be signed by a judge and appealable as a final judgment. The judgment after signature by a district judge shall be served upon the parties in accordance with law.

As no written objection was filed, the trial court signed the judgment on September 28, 2016. On September 20, 2016, the Father filed an Amended Judgment to reflect the correct date of the hearing officer conference as September 12, 2016, instead of September 1, 2016, as reflected in the judgment originally submitted. The trial court signed the Amended Judgment on September 22, 2016.[3]

Thereafter, on September 28, 2016, this matter came before the trial court for hearing on the previously set Rule for Joint Custody, and the trial court continued the matter without date. That same day, the trial court signed an order

---

[1] Although the Mother asserts that she also filed an objection to the Hearing Officer's recommendation on this date, the record does not reflect the filing of any objections. We do, however, note the clerk of court delayed processing the Mother's pleadings for lack of fees until the trial court granted her request to proceed *in forma pauperis* on September 28, 2016.

[2] La.Dist.Ct.R. 35.5 sets forth the delay for filing such objections:

> Any objection to the written recommendation of a hearing officer . . . shall be filed with the clerk of court within five (5) days, exclusive of legal holidays, from the issuance of the recommendation.

[3] Although it may appear incongruous, the record clearly shows that the trial court signed the Amended Judgment first. That judgment correctly reflects that the Hearing Officer conference was held on September 12, 2016.

setting (1) the hearing officer conference on the Mother's reconventional demand for October 13, 2016, and (2) the Rule for Custody hearing on October 19, 2016, "if any party files a timely objection to the recommendations of the Hearing Officer, within the prescriptive delays allowed by law[.]" These dates were subsequently continued.

The clerk of court then mailed the notice of signing of the Judgment and Amended Judgment to the parties on October 3, 2016. Thereafter, the Mother timely filed her Motion for New Trial on October 10, 2016, requesting the trial court "grant a new trial and/or that the *Judgment*, previously signed and executed, on or about, September 22, 2016, be held in abeyance as to all parties and issues presented."

The next day, October 11, 2016, the trial court signed an order: (1) setting the Mother's Motion for New Trial hearing for October 19, 2016, (2) immediately vacating "the Judgment and Amended Judgment, signed and executed, on or about September 22, 2016," and (3) ordering "that no *Judgment* shall be recognized in these proceedings, until further Order(s) of this Court and/or until a decision is rendered, as it relates to Defendant/Plaintiff-in-Reconvention's [the Mother's] *Motion for New Trial* hearing."

Then, on October 12, 2016, the Father filed his Peremptory Exception of Res Judicata in which he asserted the Mother's reconventional demand was barred because the custody claims raised therein were "decided and set aside" by the trial court in the Amended Judgment. The trial court signed an order on October 13, 2016, setting the Father's exception for hearing on October 19, 2016.

As the trial court minutes reflect, the parties appeared with counsel on October 19, 2016, for the "hearing on Rule for Custody on behalf of [the Mother]." After hearing the pleadings, evidence, and arguments of counsel, the trial court

3

reset the matter until November 7, 2016, and apparently directed the parties "to ascertain whether the Answer and Reconventional Demand filed by [the Mother] will be considered an objection to the hearing officer conference report." The minutes also reflect the trial court withheld its ruling on the Motion for New Trial.

Thereafter, on November 4, 2016, the trial court vacated its orders signed on October 11, 2016, which had (1) set the hearing date for the Mother's new trial motion, (2) vacated the Judgment and Amended Judgment, and (3) refused to recognize any judgment until further order of the court or rendition of judgment on the new trial motion.

Initially, only the Father and his counsel appeared before the court on the morning of November 7, 2016 for the hearing on his exception of res judicata. After noting the Mother's counsel's failure to timely appear, the trial court rendered the following ruling from the bench:

> an answer in reconventional demand [was not] an objection because it didn't specifically point to the fact or the issues that were objected to in the hearing officer conference. To be an objection - - an answer in reconventional demand, he certainly has a right to litigate his reconventional demand, but that was filed subsequent to the hearing officer conference. So, therefore, anything that was taken up at the hearing officer conference would become law, and he could certainly file an answer in reconventional demand, have a hearing on that, but he may have to prove a change of circumstances.
>
> . . . .
>
> Depending on what happened. The Court will find that because R. S. 46:235(C) (7) [sic] provides that the hearing officer judgment shall become final unless there's a valid objection, the Court has to provide that the hearing officer recommendations are the final judgment of the Court based upon 46:236.5 (C) (7) since no valid objection was filed pursuant to the hearing officer conference.

It then directed plaintiff's counsel to submit a judgment, presumably to grant the exception.

4

Later that same day, however, the trial court reconvened when the Mother's counsel arrived, and, once again, took up the exception. Broadly interpreting the answer as an objection, the trial court, from the bench, reversed its initial reasoning and denied the exception of res judicata "to give everybody their day in court." Also from the bench and as reflected in the formal judgment signed on November 14, 2016, the trial court, "on its own motion without a hearing or any reasons assigned[,]" ordered that "all orders or judgments previously rendered regarding custody is [sic] hereby annulled and vacated." On November 17, 2016, the Father filed his Motion for Expedited Appeal and Order Fixing Return Date. The Father's appeal to this court timely followed.

## DISCUSSION

The Father assigns two errors to the trial court's judgment. First, the Father asserts the trial court erred in denying his peremptory exception of res judicata. Second, the Father claims the trial court further erred in annulling and vacating all previous orders or judgments regarding custody of T.A.L. In her response, the Mother raises two other issues for this court's review. The first questions whether the trial court erred in fixing the Father's exception for hearing prior to ruling on the Mother's motion for new trial. The second inquires as to whether the trial court erred "in assigning oral reasons for denying [the Father's] Exception of Res Judicata, by not issuing a ruling on [the Mother's] Motion for New Trial."

Before reaching the merits, however, we must first determine whether we have jurisdiction to hear plaintiff's appeal.

### *Appellate Jurisdiction*

At the outset we recognize that appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties, as in this case, do not

5

raise the issue. *State in Interest of J.C.*, 16-138 (La.App. 1 Cir. 6/3/16), 196 So.3d 102.

Pursuant to La.Code Civ.P. art. 2083, our appellate jurisdiction extends to final judgments and to those limited interlocutory judgments for which the law expressly provides an appeal. A judgment denying an exception of res judicata, however, "is interlocutory and is not appealable." *Laird v. Laird*, 46,459, p. 11 (La.App. 2 Cir. 6/22/11), 69 So.3d 1173, 1179. Therefore, because the judgment plaintiff appeals herein is neither a final judgment nor an expressly appealable interlocutory judgment, we lack appellate jurisdiction.

Nevertheless, this does not end our inquiry, as the Louisiana Constitution confers upon a court of appeal "supervisory jurisdiction over cases which arise within its circuit." La.Const. art. 5, § 10(A). "Moreover, the jurisprudence indicates that the decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate courts." *Stelluto v. Stelluto*, 05-74, p. 7 (La. 6/29/05), 914 So.2d 34, 39. Because this matter involves the custody of an infant, we find it in the child's best interest, which is always paramount, to exercise our supervisory jurisdiction and address the assignments of error raised by the parties herein.

Those assignments can easily be separated into two sections, the first addressing the exception of res judicata, and the second addressing the annulment of the prior custody orders and judgments.

### *Res Judicata*

In his exception of res judicata, the Father asserted the Amended Judgment signed on September 22, 2016, in accordance with La.R.S. 46:236.5(C)(7), is a final judgment as to the custody of T.A.L., which precludes the relitigation of custody issues, absent a change in circumstances. Therefore, according to him, the

Mother's reconventional demand seeking custody of T.A.L. is precluded by the doctrine of res judicata pursuant to La.R.S. 13:4231, which provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> > (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
> >
> > (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
> >
> > (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Although the Father is correct in that the Amended Judgment is a final judgment of the trial court, his analysis is nevertheless flawed because it does not address the Mother's motion for new trial, which was timely filed on October 10, 2016, within seven days of the October 3, 2016 mailing of the notice of judgment.[4]

It has long been established that a timely filed motion for new trial suspends the operation of a final judgment pending the resolution of the motion. *In re Slaughter-house Cases*, 77 U.S. 273 (1869); *see also Jabbia v. Sanders*, 499 So.2d 1070 (La.App. 3 Cir.), *writ denied*, 501 So.2d 198 (La.1986). In light of the timely filed motion for new trial, we find the Father's exception of res judicata was premature, and the trial court erred in ruling on the exception prior to acting on the

---

[4] Louisiana Code of Civil Procedure Article 1974 provides:

> The delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.

Mother's new trial motion. Accordingly, we vacate the trial court's ruling on the exception and remand this matter for resolution of the Mother's motion for new trial.

We turn now to a discussion of the correctness *vel non* of the trial court's judgment, annulling and vacating all of its previous custody orders and judgments.

### *Annulment and Vacating of Previous Judgments*

After rendering judgment, a trial court, on its own motion, may amend a final judgment at any time "to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation." La.Code Civ.P. art. 1951. It is well established, therefore, that a judgment may be amended only when the resulting judgment takes nothing from or adds nothing to the original judgment. *Villaume v. Villaume*, 363 So.2d 448 (La.1978).

However, an amendment to a judgment, which adds to, subtracts from, or in any way affects the substance of the judgment, is considered a substantive amendment. *Safeguard Storage Props., L.L.C. v. Donahue Favret Contractors, Inc.*, 10-673 (La.App. 4 Cir. 3/31/11), 60 So.3d 110. Trial courts are prohibited from making substantive amendments to final judgments on their own motions or on motion of any party. *Daughdrill v. Tenneco Oil*, 529 So.2d 104 (La.App. 4 Cir. 1988). Rather, our law recognizes only three ways in which a party may seek to alter the substance of a final judgment: a timely application for new trial, an action for nullity, or a timely appeal. *Bonaventure v. Pourciau*, 577 So.2d 742 (La.App. 1 Cir. 1991).

When none of these procedures are employed, a trial court lacks authority to make any modifications of substance to a final judgment. *Ast v. Ast*, 14-1282 (La.App. 3 Cir. 4/1/15), 162 So.3d 720, *writ denied*, 15-869 (La. 6/5/15), 171 So.3d 952. It follows therefore that, where the trial court does not follow one of

the three prescribed methods for making a substantive amendment to a final judgment, the amended judgment is an absolute nullity. *Webster v. Boh Bros. Const. Co., Inc.*, 603 So.2d 761 (La.App. 4 Cir. 1992).

> When the parties fail to raise the issue of absolute nullity of a judgment either by a new trial or on appeal, it is proper for the appellate court to vacate the absolutely null judgment and reinstate the original judgment due to the appellate court's power "to render any judgment which is just legal and proper upon the record on appeal."

*Francis v. Lafon Nursing Home of Holy Family*, 02-1863, p. 17 (La.App. 4 Cir. 3/19/03), 840 So.2d 1281, 1290-91, *writ denied*, 03-1373 (La. 9/19/03), 853 So.2d 643 (quoting La.Code Civ.P. art. 2164; *Davenport v. Amax Nickel, Inc.*, 569 So.2d 23 (La.App. 4 Cir.1990)).

In the present case, the trial court twice sought to vacate the Amended Judgment on its own motion. Because the trial court's action does not follow any of the long-prescribed methods for making substantive amendments to a judgment, we must recognize that the orders vacating and annulling the Amended Judgment are absolutely nullities. Accordingly, we vacate the orders *sua sponte*.

The sole issue remaining before us is which judgment to reinstate -- the Judgment of September 28, 2016 or the Amended Judgment of September 22, 2016. Louisiana jurisprudence provides that, when a trial court signs a judgment and then signs another, the second judgment is an absolute nullity and without legal effect. *Oreman v. Oreman*, 05-955 (La.App. 5 Cir. 3/31/06), 926 So.2d 709, *writ denied*, 06-1130 (La. 9/1/06), 936 So.2d 206. As the first judgment signed by the trial court herein, the Amended Judgment dated September 22, 2016 is the original judgment of the trial court, and therefore, we hereby reinstate that judgment.

**DECREE**

For the reasons discussed above, we grant writ, vacate the trial court's judgment dated September 28, 2016, in its entirety, reinstate the amended judgment dated September 22, 2016, and remand this matter for hearing on the Mother's motion for new trial. The trial court is directed to assess costs after remand.

**WRIT GRANTED; JUDGMENT VACATED AND REMANDED.**