NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 26-82


BASKET SPECIALTIES, LLC

VERSUS

SUPERIOR ENERGY SERVICES, INC., ET AL.



**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20234524
HONORABLE DAVID MICHAEL SMITH, DISTRICT JUDGE

**********

SHANNON GREMILLION

JUDGE

**********

Court composed of Shannon Gremillion, Sharon Darville Wilson, and Ledricka J. Thierry, Judges.


APPEAL DISMISSED.

**Michael Warren Mengis**
**Sushant Mohan**
**Ashlee Cassman Grant**
**Baker & Hostetler, LLP**
**811 Main St., Suite 1100**
**Houston, TX 77002**
**(713) 646-1330**
**(713) 751-1600**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Superior Energy Services, Inc.**
    **Stabil Drill Specialties, LLC**

**Thomas M. Daigle**
**Victor R. A. Ashy**
**711 Johnston Street**
**Lafayette, LA 70501**
**(337) 234-4049**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Basket Specialties, LLC**

**Andrew J. Quackenbos**
**James H. Domengeaux, Jr.**
**Domengeaux, Wright, Roy**
**556 Jefferson St., Ste. 500**
**Lafayette, LA 70501**
**(337) 233-3033**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Basket Specialties, LLC**

**Gremillion, Judge.**

On February 6, 2026, this court issued a rule ordering the Defendants-Appellants, Superior Energy Services, Inc. and Stabil Drill Specialties, LLC, to show cause, by brief only, why the appeal in this matter should not be dismissed as having been taken from a non-appealable, interlocutory order. For the reasons given herein, we dismiss the appeal.

This matter involves a dispute over oilfield cargo baskets. Plaintiff, Basket Specialties, LLC, the purported owner of the baskets, has sued Defendants-Appellants for conversion, alleging Appellants did not return the baskets which were rented from Basket Specialties. Appellants filed exceptions of res judicata and no cause of action below, claiming the baskets were involved in a prior suit and two settlements in Texas regarding a double-dealing scheme by Chris Russo, who was chief operating officer of Appellant Stabil, as well as the owner/operator of Basket Specialties. The trial court found that prior litigation dealt with fraud committed by Mr. Russo, and not the ownership of the baskets, and denied the exceptions. Appellants then filed the current appeal from that decision.

"[A]ppellate courts have a duty to examine subject matter jurisdiction *sua sponte*." *Lewis v. Hart*, 17-24, p.6 (La.App. 3 Cir. 5/17/17), 221 So.3d 152, 157. Pursuant to La.Code Civ.P. art. 2083, our appellate jurisdiction extends to final judgments and to those limited interlocutory judgments for which the law expressly provides an appeal. The judgment at issue denies Appellants' exceptions of res judicata and no cause of action. A judgment denying an exception of res judicata "is interlocutory and is not appealable." *Laird v. Laird*, 46,459, p. 11 (La.App. 2 Cir. 6/22/11), 69 So.3d 1173, 1179. *See also* La.Code Civ.P. art. 927. Likewise, the peremptory exception of no cause of action is also interlocutory, and the proper procedural vehicle to review the judgment denying those exceptions was a supervisory writ. *Waiters v. deVille*, 20-556 (La.App. 4 Cir. 12/30/20), 365 So.3d 544,

*writ denied*, 21-283 (La. 4/13/21), 313 So.3d 1249. Because the judgment plaintiff appeals herein is neither a final judgment nor an expressly appealable interlocutory judgment, we lack appellate jurisdiction. Moreover, Appellants have, in fact, also filed for supervisory writs from the exact judgment at issue, as well as filing the current appeal. Thus, Appellants will have review of the challenged judgment via that avenue, rendering this appeal redundant, as well as improper. Accordingly, this appeal must be dismissed.

**APPEAL DISMISSED.**